<div style="text-align:right">*Judgment for the plaintiff.*</div>

---

### NATHANIEL BROWN *vs.* JOHN MILTIMORE.

Nontenure is in this state a plea in abatement and not in bar.

THIS was a writ of entry. The tenant pleaded nontenure special in bar of the action. To this plea the demandant demurred, and the tenant joined in demurrer.

*Thom,* for the tenant, cited *Clark vs. Goodwin,* 14 *Mass. Rep.* 239.—2 *Saund.* 44, note 4.—13 *Mass. Rep.* 439, *Prescott vs. Hutchinson.*

*French*, for the demandant, cited *Parker vs. Murphy*, 12 *Mass. Rep.* 485.—*Keith vs. Swan*, 11 *ditto* 216.—*Booth* 28. —*Rastall's Entries* 225, 381, 404, 539.

*By the court.* If in this state as in Massachusetts all pleas in abatement must by law be filed on the first day of the term, at which the action is entered, we should probably be induced to follow the decisions of the courts of that state, and permit nontenure to be pleaded in bar. But in this state pleas in abatement may be filed by our rules of practice any time during the first term ; so that tenants in real actions have ample time to instruct counsel, and avail themselves of a plea of nontenure in abatement, if they see fit. On the other hand, if the tenant be not in fact tenant of the freehold, it is proper that he should be compelled to disclose that circumstance at the first term, and not be permitted to protract a suit, in which nothing can be settled. We are therefore of opinion, that there is no reason why we should depart from the rules of the common law on this subject, and that the plea in this case must be adjudged insufficient.

*Judgment for the demandant.*