## JAMES WILSON *versus* WILLIAM WEBSTER, Jr.

In a writ of entry in which the demandant alleged that the tenant, being seized on the 19th March, 1827, conveyed the premises to him in fee and in mortgage, the tenant pleaded *nontenure* special alleging that he claimed nothing in the land, but as tenant at will, to W. W. who was seized in fee. The demandant traversed the seizin of W. W. upon which issue was joined. It appeared upon the trial that W. W. on the 4th October, 1830, having an execution against the tenant, caused the same to be extended upon the premises, which he immediately leased to the tenant for a year, and upon this the court directed a verdict for the tenant.

It was held, 1st, that the demandant should not have traversed the seizin of W. W., but have replied that the tenant was tenant of the freehold. 2d, that the tenant could not be permitted to qualify an unlawful entry by saying he claimed only a particular estate, under one who had nothing in the land. But 3dly, as it did not appear that the deed of the demandant was recorded, or that W. W. had notice of it, the evidence was sufficient to sustain the issue on the part of the tenant.

THIS was a writ of entry brought to recover a tract of land in Hooksett. The demandant alleged, in his count, that the tenant, being sezied of the demanded premises on the 19th March, 1827, by deed, conveyed the same to the demandant in fee and in mortgage.

The tenant pleaded in abatement, that on the day of the purchase of the writ, and long before William Webster was seized of the demanded premises in fee, and on the 4th October, 1831, demised the same premises to the tenant, to be by him held and occupied at the will of the said William Webster; by virtue of which demise the tenant has ever since been possessed thereof, and so the tenant has nothing, nor on the day of the purchase of the writ, nor at any time afterwards, had any thing in the demanded premises, but at the will of the said William Webster, the fee being in the said William Webster.

To this the demandant replied, that the said William Webster was not, long before and on the day of the pur-

Wilson
v.
Webster.

chase of the writ, seized of the demanded premises in his demesne as of fee in manner and form as alleged in the plea, and concluded to the country ; upon which issue was joined.

The cause was tried at February term, 1833, when the tenant showed in evidence, that William Webster sued out a writ against the tenant, by virtue of which, on the 13th July, 1830, he caused the demanded premises to be attached, and having obtained a judgment against the tenant at the August term of the Superior court in the county of Rockingham, 1830, on the 4th October, in the same year caused his execution to be extended on the demanded premises, and on the same day, by deed, demised the same premises to the tenant for the term of one year. The demandant's writ is tested the 15th June, 1832.

Upon this evidence the court directed a verdict for the tenant, which was taken, subject to the opinion of the court upon the foregoing case.

*Sullivan*, for the demandant.

*Porter*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

The replication of the demandant is not the proper replication for his case. Instead of traversing the seizin of William Webster, he ought to have replied that the tenant was tenant of the freehold. Jackson, on real actions, 96.

But issue has been joined upon the seizin of William Webster, and the question is, whether the evidence was sufficent to maintain the issue on the part of the tenant.

If it had been shown, on the part of the demandant, that the deed under which he claims was executed, acknowledged and recorded, before William Webster caused the land to be attached, it would then have appeared that William Webster never had any estate in the land, which he could have set up against this demandant.

His extent would have given him only the tenant's right, <span style="float:right">Wilson<br>v.<br>Webster,</span> a right in equity to redeem the land. It would have given him not even a right of entry against this demandant, until the mortgage of the demandant was discharged.

In such a case the demandant would have had a right to consider William Webster, who made the lease, and the tenant who entered under it, as disseizors, and might have maintained a writ of entry against both, or either of them. For the tenant could not have been permitted to qualify his unlawful entry by saying he claimed only a particular estate, under one who had nothing in the land. Jackson, on real actions, 97.

But it does not appear that the deed of the demandant was acknowledged and recorded, or that William Webster had notice of it. William Webster's extent, then, gave him a valid title against the demandant, and the evidence was sufficient to maintain the issue on the part of the tenant.