## SPERRY *vs.* SPERRY.

A plea of *nul disseizin* in a writ of entry, admits that the tenant is in possession claiming a freehold; and he cannot, under such plea, offer evidence that he was tenant at will, or from year to year, and as such entitled to the possession.

Where two gave a lease for life to a third, and he afterwards conveyed his interest to one of them—*held*, that this did not operate as a surrender of the lease.

If a lease be made, or assigned, rendering rent, with a right of re-entry for non-payment, in order to enforce the forfeiture the rent must be demanded at the day, and upon the land.

If an estate be granted upon *condition* that a certain sum shall be paid quarterly to the grantor, he cannot maintain a writ of entry to recover the possession of the premises, until he has manifested his determination to enforce the forfeiture, by entering, or making a claim for condition broken.

WRIT OF ENTRY, wherein the demandant claims a freehold estate in the demanded premises. Plea, *nul disseizin.*

The demandant, to support the issue on his part, offered in evidence a lease executed by the tenant and one Ben-

jamin Sperry, to the demandant, dated June 10, 1812, duly acknowledged and recorded, whereby they demised the demanded premises to him, being the same he had that day conveyed to them, he yielding and paying the annual rent of one cent, the same being demanded.

It was admitted that the tenant went into possession of the premises at the time of the execution of said lease, and has continued in the possession, occupancy and improvement of said premises ever since, and that the demandant lived on the same premises with the tenant until about October, 1834, when he left the same. There was no proof of notice to quit the premises, previous to the commencement of this suit.

The tenant then gave in evidence an agreement, under seal, entered on the back of the lease, dated October 12, 1833, whereby the demandant relinquished " all my right to ' the within demised premises to James Sperry, (the tenant) ' providing that the said James Sperry shall pay to me, at the ' end of every three months, the sum of ten dollars, during ' my natural life."

The tenant then gave in evidence the quarterly payments of said sum for the first year after the date of said agreement.

There was no proof of a demand of the annual sum of forty dollars, or any part thereof, on the tenant, after the payment of the last quarter of the first year, nor any evidence of an entry by the demandant.

A verdict was taken for the demandant, subject to the opinion of this court on the foregoing case, with the agreement that the same should be set aside, and a nonsuit entered, or a verdict for the tenant, as the court should direct.

*Putnam*, for the demandant.

*Leland*, for the tenant. The defendant, if tenant at

all, must be a tenant at will, and as such has holden from year to year for more than twenty years, and was entitled to notice to quit. No notice was given. *Woodfall's L. & T.* 163; 8 *T. R.* 3, *Clayton* vs. *Blakeley*; 2 *Black. Com.* 147, *note*; 2 *Esp. N. P.* 38, (*N. Y. ed.* 1811;) 3 *Wils. Rep.* 25, *Parker* vs. *Constable*; *Bull. N. P.* 96; 10 *East. R.* 263, *note*; 2 *Stark. Ev.* 524; 7 *T. R.* 85, *Martin* vs. *Watts*; 1 *Sid. R.* 339, *Rigby* vs. *Bulkley*; 1 *Binn. R.* 334, *n, a, Brown* vs. *Vanhorn*; 2 *Caines' Ca. in Err.* 317, *Jackson* vs. *Rogers*; 1 *Johns. R.* 336, *Jackson* vs. *Livingston*; 2 *Aiken's R.* 240, *Hanchett* vs. *Whitney*; 1 *Vermont R.* 311.

In Massachusetts, it seems, this question is not fully settled. 6 *Pick.* 335, *Cutler* vs. *Winsor*; 2 *Pick.* 70, *Coffin* vs. *Lunt*; 17 *Mass. R.* 287, *Rising* vs. *Stannard & a.*; 1 *Pick. R.* 47, *Ellis* vs. *Paige.*

If reasonable notice is required, it is sufficient for our case.

The act of July 1, 1831, giving a more summary and speedy remedy to landlords, which was relied upon at the trial, by the demandant, is in fact against him, as under it a tenant has a right to three months notice.

If the defendant is a tenant of the demandant, the contract of October 12, 1833, does not dispense with the necessity of notice. 1 *Esp. Cases* 266, *Shirley* vs. *Newman.*

The next objection to the maintainance of this suit is, that there was no demand for the rent, or quarterly payments, previous to its commencement. *Bradby on Distresses* 124; 2 *Stark. Ev.* 531; 1 *Saund. R.* 287, *n*, 16; 4 *N. H. R.* 251, *McMurphy* vs. *Minot*; 18 *Johns. R.* 447, *Remsen* vs. *Conklin*; 2 *N. H. R.* 160, *Coon* vs. *Brickett.* If this lease be still in force notwithstanding the relinquishment on the back of it, the conditions of the tenancy remain the same as before, and the demandant should have made a demand of the rent, at the most notorious place upon the land, the day it fell due.

But the demandant relinquished all his right and title to the

premises October 12, 1833. This operates as a surrender of the whole term in the lease, and the estate passed back to the original lessor, and merged in his title in fee, and the lease became extinguished. 1 *T. R.* 441, *Smith* vs. *Mapleback ;* 4 *Bac. Abr.* 210, (*Phil. ed.* 1811) *Surrender, S ;* 1 *Saund.* 235, *c, note ;* 2 *N. H. R.* 454, *York* vs. *Jones ;* 3 *T. R.* 393, *Webb* vs. *Russell ;* 3 *Keb.* 309 ; 4 *Bac. Abr.* 203, *Cook* vs. *Fountain ;* 2 *Wils. R.* 26, *Farmer* vs. *Rogers, cites* 2 *Rolle's Abr.* 497.

PARKER, J.   No question about notice to quit arises on these pleadings. The plea of the tenant admits him to be in possession, claiming a freehold. 2 *N. H. R.* 10, *Mills* vs. *Pierce ; Stearns on Real Actions* 232 ; 7 *Mass. R.* 381, *Pray* vs. *Pierce ;* 5 *Mass.* 352, *Higbee* vs. *Rice ;* 8 *Cranch* 243, *Green* vs. *Lister ; Jackson R. A.* 91, 157.

If he relied upon a tenancy at will, and want of notice to quit, he should have pleaded non tenure specially. What notice may be required by a tenant at will is not fully settled.

The instrument executed by the demandant to the tenant cannot be regarded as a surrender of the term in the lease, merging the freehold estate in the fee, because the lease was made by two, and the conveyance by the demandant is to but one of them. It does not, therefore, pass back to the original lessors. And besides, it is not an absolute conveyance ; but there is a provision by which the demandant might regain the estate, if the money was not paid. Had it been to both lessors it could have been construed but a conditional surrender, which would not avail the tenant.

It is not material, at this time, to settle whether this instrument, executed by the demandant, is technically to be regarded as an assignment of the lease, the assignee rendering $10 quarterly as rent, to the assignor, with a right of reëntry on the part of the assignor if the rent should not be paid, as has been argued by the tenant's counsel ; or

whether it is, in point of law, a conveyance of the right of the demandant, Ebenezer Sperry, upon condition that such sum should be paid. *Litt. sect.* 329. The effect, in either case, is the same, upon this action. Under it the tenant has rightfully entered into possession, and he is entitled to hold, subject to a liability to forfeit his right, upon the non-payment of the money.

If it be regarded as an assignment of a lease by the demandant, with a reservation of rent, payable quarterly, and if the right to hold might be forfeited by non-payment,—in order to enforce the forfeiture, and enable the demandant to recover the premises, he must have made a demand of the rent on the day it fell due, upon the land ; and this does not appear to have been done. *Bac. Abr., Condition O,* 2 ; 1 *Wms. Saund.* 287, *note* 16 ; 4 *N. H. R.* 254, *McMurphy* vs. *Minot ; Gilb. on Rents* 73 ; 2 *N. H. R.* 164, *Coon* vs. *Brickett.*

And if it be regarded as a conveyance of the life estate of the demandant, on condition that the money should be paid him quarterly by the tenant, there is no evidence that he has ever entered for condition broken, or made claim upon the land—which is necessary, to show his election to enforce the forfeiture, revest the estate, and enable him to maintain a writ of entry. 2 *N. H. R.* 120, *Willard* vs. *Henry ; Co. Litt.* 218, *a ; Cro. Jac.* 57, *Curteis* vs. *Wolverston ; Shep. T.* 150 ; 8 *Pick.* 284, 289, *Gray* vs. *Blanchard ;* 1 *Conn. R.* 79, *Chalker* vs. *Chalker.*

The title does not revest immediately upon the breach, for the grantor may waive the forfeiture, in which case the estate continues. *Co. Litt.* 208, *a ;* 2 *N. H. R.* 163 ; *Cowp.* 803, *Goodwright* vs. *Davids ;* 1 *Conn.* 79.

*Demandant nonsuit.*