## WHEELER *v.* BATES.

A plea in abatement must conclude with praying judgment of the writ.

Non-tenure is a good plea in abatement in a writ of entry on a mortgage.

Every person who is in possession of mortgaged premises, may be treated as a disseizor of the fee, unless he holds under a title paramount to the mortgage.

The demandant should reply and maintain his writ, if the tenant holds under a title subject to the mortgage.

WRIT OF ENTRY. The demandant counted upon a seizin in fee and in mortgage, in the usual form. The tenant pleaded non-tenure in abatement as follows : —

"And the said B. comes and defends, &c., when, &c., and says that he cannot render the premises demanded in said suit, to the said W., because, he says, that he is not now, nor was he at the time of the suing forth of the writ aforesaid of the plaintiff, nor at any time since, the tenant thereof, as of freehold, but one P. of, &c., long before the suing forth of the writ aforesaid, to wit, on, &c., was seized of the premises demanded, with the appurtenances, in his demesne as of fee, and being so thereof seized, afterwards, to wit, on, &c., the said P. licensed and permitted the said B., and from thence hitherto continuing to be so seized, the said P. continued to license and permit the said B. to enter and improve the said demanded premises at the will and pleasure of the said P., by virtue whereof, the said B. entered into and occupied the premises demanded, with the appurtenances, by the license and permission, and at the will of the

said P., until the suing forth of the writ aforesaid, and had not, at the time of the suing forth of said writ, nor at any time since, any estate in the said demanded premises, but at the will of the said P., in manner aforesaid; the freehold thereof, then, ever since, and now, being in said P.   And this the said B. is ready to verify.   Wherefore he prays judgment, that the said writ may be quashed, and for his costs."

To this plea there was a general demurrer and joinder.

*Farley*, for demandant.

*Sawyer & Stevens*, for the tenant.

BELL, J.   The conclusion of the plea of non-tenure in this case is bad.   Non-tenure here, is a plea in abatement.   *Brown* v. *Miltimore*, 2 N. H. Rep. 442 ; *Mills* v. *Pierce*, 2 N. H. Rep. 10 ; *Sperry* v. *Sperry*, 8 N. H. Rep. 477.   Such plea must conclude with praying judgment of the writ.   *Clark* v. *Brown*, 6 N. H. Rep. 434 ; *Pike* v. *Bagley*, 6 N. H. Rep. 76. This is a defect of form merely, and may be amended on terms. It is settled here, that non-tenure is a good plea in abatement in a writ of entry on a mortgage.   *Wilson* v. *Webster*, 6 N. H. Rep. 419.   It is a perfect answer, if the tenant claims under any one, who has a paramount title.   If the claim is under one, who holds subject to the mortgage, the plaintiff should reply and maintain his writ.   The mortgagee may treat every person, whom he finds in possession, whose title is not good against him, as a wrongdoer and disseizor, at his election ; and no disseizor can qualify his wrong, by alleging that he is seized of a less estate than a fee.   *Wilson* v. *Webster*, as above ; *Towle* v. *Ayer*, 8 N. H. Rep. 57.

The demurrer is sustained; but the defendant may amend his plea on terms.