PARKE GODWIN ET AL. V. LOUIS HARRIS.

FILED FEBRUARY 4, 1904.   No. 13,337.

1. **Lease: FORFEITURE.** In the absence of a statute providing otherwise, unless such demand is waived by the terms of the lease, a demand of rent on the day it becomes due is necessary to work a forfeiture of the lease for nonpayment.

2. ————:  WAIVER.  The lease in this case *held* to contain no waiver
of such demand.

3.  Constitutional Law.  The amendatory act to section 1020 of the code
of 1875, providing for demand of rent and forfeiture at any time
after default, *held* unconstitutional as not properly entitled and
not repealing the section sought to be amended, and leaving the
common law requirement of demand on the rent day in force
until the curative act of 1903.

ERROR to the district court for Douglas county:  WIL-
LARD W. SLABAUGH, JUDGE.  *Reversed.*

*James H. Van Dusen,* for plaintiffs in error.

*F. A. Brogan,* contra.

HASTINGS, C.

Plaintiffs in error, defendants below, and hereinafter
called defendants, complain of a judgment for restitution
in an action for forcible detainer.  November 1, H. D.
Estabrook leased the premises in question to the defendant
Godwin for the "term from the first day of November,
1901, until the first day of December, 1901, and thereafter
from month to month so long as the rent shall be paid
and the other covenants of the lease kept and performed.
*  *  *  This lease not to be in force later than the 1st
day of November, 1902."  Godwin took possession and has
held it ever since.  The codefendant Brown is in possession
of a portion of the premises under a sublease from God-
win; before the expiration of the lease an extension for
two years, by mutual consent, was indorsed upon it and
signed by the parties.  By deed dated October 28, 1902,
Estabrook conveyed the premises to the plaintiff Harris.
The deed was delivered to Harris November 5, 1902.
November 8, notices were served on defendant Godwin, by
both Estabrook and Harris, of the sale and that his lease
would terminate in 40 days, and that November's rent
was payable to Harris and that it was demanded by him.
On November 10 the formal three days' notice to quit was

served on defendants, they having paid no rent for November. November 14 of that year Harris commenced this action and, on the 26th day of the same month, recovered judgment for restitution, which was appealed by the defendants to the district court. The complaint is that the defendants neglected, failed and refused to pay the rent for the month of November, 1902, which rent was, as provided in the lease, payable on the first day of November, and the action is based on the assumption that, because of such nonpayment, the lease was terminated. Plaintiffs in error claim that the portion of section 1020 of the code, providing that "a tenant shall be deemed to be holding over his term whenever he has failed, neglected or refused to pay the rent, or any part thereof, when the same was due," is unconstitutional and void: First, because it was added by way of amendment, and the amendatory act of 1875 contained no repealing clause, contrary to section 19, article 2 of the constitution of 1866; and second, because the provisions of the amendatory act of 1875 are not germane to the original section which the act purported to amend. It is therefore claimed that the title to the amendatory act does not indicate its subject, and the act is therefore obnoxious to another clause of section 19, article 2, which requires the subject of the act to be expressed in its title. It is argued that, the amendment of 1875 being void, the forfeiture for the nonpayment of rent can only be enforced in the manner provided by the common law. It is claimed that there is not enough in the act, without the amendment of 1875, to warrant proceedings against a tenant holding over his term and, at any rate, that these defendants can be held to be tenants holding over their term only by virtue of that special enactment of 1875, because the lease runs more than a year longer, and could be terminated according to its terms in three ways: By the expiration of its terms; by forfeiture for the nonpayment of rent; and by a sale of the premises, when the lease should be terminable by a forty days' notice.

Among the stipulations of the lease was one that "the second party further agrees that, if the said rent shall not be paid promptly at the time the same shall become due, then this lease shall at once terminate." The defendants claim that such provisions, while in form an agreement that failure to pay the rent shall terminate a lease, have always been construed as provisions in favor of the landlord. They may be waived by him and are waived unless due steps are taken by him to reenter and forfeit the lease.

It is then urged by the defendants that the forfeiture at common law, where there is no statute to aid it, must be a demand on the precise day the rent becomes due of the amount of the periodical payment; that such demand must be before sunset and continue until after sunset, with demand of possession at that time. This rent was due on November 1. Mr. Harris' deed was only delivered to him November 5, and payment of the rent was demanded by him on the 8th; notice to leave was served on the 10th, and this action brought on the 14th of the same month; there was therefore no demand of the money on the day that it became due, and none of the above formalities enacted upon the premises. Defendants claim that, since the statute is invalid and the common law requirements have not been complied with, there was in this action no demand and no forfeiture, and the judgment of restitution is consequently erroneous. They say that no statute of the state of Nebraska, except the void one contained in the amendment of 1875, abrogates this rule of the common law, and that the holdings in this state, that tenants failing to pay rent shall be deemed holding over their term, all rest upon this void statute. The defendants also claim that by the terms of the lease the rent was payable at the office of Estabrook's agent; that the demand for the payment of rent by Harris was in writing, and served by a deputy sheriff, and designated no place at which the rent should be paid; that no change of agent was made and, before the commencement of this suit, the rent was tendered to Mr. Estabrook's agent, who refused it. He had in

fact given Godwin notice on November 3, when the October rent was paid, that he could receive no more rent. Rights are also predicated on the notice from Estabrook and plaintiff, served November 8, stating that the premises were sold and that defendants' rights under the lease would terminate in 40 days from the receipt of that notice. It is urged that this is a complete waiver of any forfeiture for nonpayment of rent on November 1.

The position of the plaintiff, defendant in error here, appears on page 17 of his brief: "If we are correct in our position that, under the law of the state of Nebraska and under the terms of this lease, nonpayment of rent gives the lessor an option to be exercised at any reasonable time thereafter by demand and notice to terminate the lease for nonpayment of rent, then it follows," etc. He claims that the right to forfeit at any time after a default for rent, by a demand for it under the terms of this lease, existed independently of the act of 1875.

The only clause of the lease on which a forfeiture is claimed is, "If the said rent be not paid promptly at the time that the same becomes due, then this lease shall at once terminate, and the party of the second part agrees to surrender the immediate possession of the same." This clause, undoubtedly, would be sufficient at common law to warrant a forfeiture of the lease, if a demand were made with due formality of payment of rent on the day it became due and it were not paid. Does it waive such demand? If not, is the act of 1875 excusing such demand valid?

There can be no question, and none is raised by the plaintiff, as to the fact that at common law a demand, with all due formalities, must be made on the day the rent becomes due and before the tenant enters upon another term. The cases cited by defendants' counsel abundantly establish that this demand is required at common law, unless expressly waived. Ordinarily, such waiver is contained in the words "without further notice or demand" in the provision for the forfeiture, as in the case of *Pendill*

*v. Union Mining Co.,* 64 Mich. 172, 31 N. W. 100. Of course, the same waiver might be expressed in other apt terms, but we do not find anything in this lease equivalent to it. It would seem that, in the absence of the clause of section 1020 of the code doing away with such demand and notice of forfeiture on the precise day that the rent becomes due, any demand after that day and before the arrival of the next rent day would not be good. Whether such demand must be accompanied with all the ancient formalities of the common law, it is not necessary to decide. If not made on the day it is due, and the tenant enters upon a new term, it is at common law deemed to be waived. The landlord is then held to be relying upon his action for the accruing rent. See the cases collected in 32 Cent. Dig. col. 370. It is certainly waived in this instance, so far as any forfeiture of November 1 is concerned, by the formal notice of November 8, that the tenancy would terminate in forty days from that date. This distinctly recognizes the tenancy as still existing at that time. There are, too, numerous cases holding that it is only the owner of premises at the time of a forfeiture who can avail himself of it. His grantee can not. *Small v. Clark,* 97 Me. 304, 54 Atl. 758.

We are constrained to think that, in the absence of a statute permitting demand and forfeiture for overdue rent at any time, plaintiff had no right of action for forcible detainer in this case.

It remains only to consider whether the act of 1875 is open to the objections made to it. It seems clear, and no attempt is made by the plaintiff to dispute it, that it is obnoxious, under the former decisions of this court, to both of the objections made against it. Its subject is not expressed in its title, and it does not repeal the section which it seeks to amend.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.