by William H. Taylor, <i>Clerk.</i>"

In *Eddy* v. *Providence Machine Co.*, 15 R. I. 7, 10, 11, it was said by this court that "If, therefore, a garnishee in case of default, becomes liable by force of statute, and not by an adjudication of the court, the fact that he is 'charged by his default' cannot be regarded as a judgment. It follows that the defendant is not bound by the charging in the Justice Court, but may show . . that he duly filed his affidavit, (1) and should not have been charged." That case is decisive of the case at bar, and inasmuch as no judgment has been entered against the garnishee it may offer any defence it may have in the action now pending against it. And see *Marshall* v. *McCormick*, 27 R. I. 357.

Petition denied and dismissed.

*Harry P. Cross*, for petitioner.

*Fred T. Owen*, for respondent.

---

HUGH MORAN, <i>et ux. vs.</i> JAMES LAVELL.

MAY 29, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Landlord and Tenant. Demand Necessary Before Forfeiture. Tender.*

Under a covenant in a lease, whereby lessee agreed to pay the stated rent on the eleventh day of each month and in case of failure to pay any rent with-

in ten days subsequent to the time, that lessor might terminate the lease, lessee made tender of the rent due on the 11th of a month to the lessor on the 22nd of that month which was refused and lessor brought ejectment.

*Held,* that demand by the lessor was necessary before he could declare a forfeiture and that the tender on the 22nd, prior to the declaration of forfeiture, was a good tender and precluded lessor from thereafter declaring a forfeiture.

TRESPASS and ejectment. Heard on exceptions of plaintiff and overruled.

PARKHURST, J. This is an action of trespass and ejectment brought by the plaintiffs against the defendant in the Sixth District Court, and later brought to the Superior Court on claim for jury trial, to obtain possession of a certain store at number 370 Valley street in said Providence. The premises on which said store is located were originally owned by William E. Stuart who sold the same to the plaintiff and his wife, by deed dated April 15, 1909, and duly recorded the same day; said deed being subject to a lease to the defendant Lavell, which lease was executed on February 11, 1908, and was for a term of five years at a monthly rental of forty dollars.

The said lease contained the following covenant to wit, "Said lessee for himself, and for his executors, administrators and assigns does covenant and agree to pay or cause to be paid to said lessor, his successors and assigns, the sum of forty dollars per month and every month during said term for rent and hire of the above named premises in payments of forty dollars each on the eleventh day of each month successively to the end of the term of five years; and in case of failure on his part to pay any rent within ten days subsequent to the time as above specified, or in case of failure to conform to all the conditions of this lease, said lessor shall be at liberty to declare this lease at an end and terminated and thereupon to take immediate possession of the premises; in which case the said lessee shall be considered as tenant holding over his term."

It appears from the testimony that after the sale by Stuart to Moran, no notice of the conveyance was given by plaintiffs to Lavell; and that, when Lavell learned that plaintiffs had

bought the property, he made tender of the rent due May 11, 1909, to plaintiffs on the 22nd day of May, 1909; that Mr. Moran then refused to accept the same claiming that the rent was more than ten days over-due and that he was entitled to the possession of the premises. It in no way appears in the testimony that Mr. Lavell knew at any time before May 22, 1909 (the alleged date of the tender), that Mr. Moran had bought the place and it appears that Mr. Moran knew where Mr. Lavell was located and there seems to have been no reason why he should not have notified Mr. Lavell of his ownership of the place and demanded his rent therefor.

As a matter of fact, no demand for rent was made by the plaintiffs, prior to the tender of May 22d, 1909, or at any other time; and the sole basis of this suit is the plaintiffs' claim that by reason of the defendant's failure to pay on or before May 21st the lease was forfeited *ipso facto*, and the plaintiff became entitled to maintain this suit.

In the district court the action was tried on its merits and decision was for the defendant. In the Superior Court Mr. Justice Brown, after plaintiffs' case was closed, directed a verdict for defendant; upon plaintiff's exceptions to which direction, the case is before this court.

The only question necessary to be determined is whether, under a lease such as is in evidence in this case, it was necessary for the landlord to make a demand for the rent before the lease could be declared to be forfeited, that being the sole ground upon which the verdict was directed for the defendant in the Superior Court.

There is no doubt that, under the law, unless the necessity of a demand is specifically waived in the lease, and in the absence of a statute to the contrary, demand for the rent must be made before the lease is forfeited.

" At common law, when a forfeiture was sought to be enforced for the non-payment of rent, no distinction was made between cases where there was a sufficient distress upon the premises, and where there was not. In every case, before a landlord could enter for non-payment of rent, he must have made a per-

sonal demand for the precise sum due for the last quarter, and
if the demand included any portion of the rent of a previous
quarter, it would have been bad. It must also have been
made on the day it became due or legally demandable;"
etc. Taylor's Landlord and Tenant, Volume 2 (9th ed.) page
84, sec. 493, and cases cited. "Where a landlord has a right
of re-entry for non-payment of rent, a demand of the rent either
upon or after the last day which the lessee has to pay, is essen-
tial to complete the forfeiture, and enable him to maintain an
action; for it is not until after the demand and non-payment
that this condition is broken." Taylor's Landlord and Tenant,
Volume 1, Sec. 297, page 362 and page 363 (9th ed.), and cases
cited. "The general rule that to entitle the landlord to enforce
forfeiture for the non-payment of rent, he must make a demand
for payment, was laid down at an early date, and has since been
unanimously followed." 18 Am. & Eng. Ency. of Law, 375
and cases cited (2d ed.); See also 24 Cyc. 1354, *et seq.* "In
the absence of a statute providing otherwise, a demand for the
rent on the day it becomes due is necessary to work a forfeiture
of the lease for non-payment, unless waived by the lease."
*Godwin* v. *Harris*, 98 N. W. 439 (Neb.), 71 Neb. 59; *Cole* v.
*Johnson*, 120 Iowa, 667; *Rea* v. *Eagle Transfer Co.* 201 Pa. 273,
and cases *infra.* "The claim of the plaintiff is *stricti juris.* He
seeks to enforce the forfeiture; and courts always lean against
penalties and forfeitures. To entitle himself to recover the
possession of the leased premises, he must show that all neces-
sary forms which the law has prescribed have been scrupulously
observed. There must be a demand for the rent on the day it
is due, at a convenient time before sunset. There is nothing
in the terms of this lease to show that the common law require-
ment of demand is waived or dispensed with. Where no place
of payment is named, a tender upon the land is good, and pre-
vents forfeiture. And if the lessor desires to enforce a forfeiture,
he must demand the rent upon leased premises at the most
notorious place." *Chapman* v. *Harney*, 100 Mass. 353.

A myriad of other cases might be cited to the same effect,
but it is not necessary to do so, in support of such an obvious

and well settled principle. The plaintiffs' counsel cites no case to the contrary and we know of none such. Furthermore, it has been held that a tender of the rent due, after the time when the rent is due but before a forfeiture has been declared, precludes the right of the lessor to thereafter terminate the lease because of the failure to pay rent on the day when it was due." 24 Cyc. 1353 and cas. cit. n. 37. *Burnes* v. *McCubbin*, 3 Kan. 221; *Tuttle* v. *Bean*, 13 Metc. 275; *Lewis* v. *St. Louis*, 69 Mo. 595; *Carondelet* v. *Wolfert*, 39 Mo. 305; *Jones* v. *Reed*, 15 N. H. 68; *Planters' Ins. Co.* v. *Diggs*, 55 Tenn. (8 Baxt.) 563; See also 18 Am. & Eng. Ency. of Law, 389–390 and cas. cit.

(1)    We hold, therefore, that demand by the landlord for payment of rent was necessary before he could declare a forfeiture; and that the tender by the lessee, on May 22, 1909, prior to the declaration of forfeiture, was a good tender, and precluded the landlord from thereafter declaring a forfeiture for non-payment of the rent due May 21, 1909.

The other exceptions taken by the plaintiffs are without merit and are not pressed in argument

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court, with direction to enter judgment for the defendant upon the verdict of the jury as rendered by direction of the court.

*John C. Quinn*, for plaintiff.

*J. Jerome Hahn, P. H. Mulholland*, for defendant.