MARY PROCH *v.* HENRY DECHO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided June 3, 1948

*George J. Yudkin,* with whom, on the brief, was *Harold B. Yudkin,* for the appellant (plaintiff).

*Joseph E. Talbot,* with whom was *Fremont W. Tolles,* for the appellees (defendants).

BROWN, J. This action was originally brought in the Town Court of Seymour by Henry Decho, Joseph Koval and Veronica Koval as plaintiffs against Mary Proch as defendant, demanding possession of certain leased premises and damages, pursuant to § 1429e of the 1939 Cumulative Supplement to the General Statutes. The Town Court rendered judgment for the plaintiffs to recover possession of the premises, and the defendant appealed to the Court of Common Pleas in New Haven County, which rendered judgment dismissing the appeal. Her appeal to this court is from that judgment. For some reason which does not appear, the caption in the Court of Common Pleas judgment designates the defendant, Mary Proch, as plaintiff, and the other three parties as defendants. To avoid confusion, we refer to the former as the appellant and the latter as the appellees. In the Court of Common Pleas, the appellant filed a motion that the case be placed on the jury docket. In disposing of this motion, the court held that the appellant's remedy in this case was by writ of error instead of appeal and therefore dismissed the appeal and denied the motion. Whether the court was warranted in so holding is the question for determination.

The appellees' complaint contained the allegations usual in a summary process complaint, and then continued: "The plaintiff claims: 1. Judgment for immediate possession of said leased premises. 2. $100.00 damages." The appellant by her answer admitted the allegations of the complaint except to deny that Decho had served in the armed services of

the United States during the war emergency and in good faith sought possession of the premises for his own use and occupancy as housing accommodations. The Town Court's judgment was, without more, that the appellees recover "immediate possession of the premises." Aside from the second prayer for relief quoted above, the complaint alleged a cause of action of summary process only, whereunder the plaintiff's right to the recovery of possession would be the sole issue. General Statutes § 5974. See Practice Book, p. 340; *Politzer* v. *Jeffrey, Inc.,* 133 Conn. 605, 607, 53 A. 2d 201. Section 5974 expressly provides that no appeal shall be allowed from any judgment rendered in any such action. This is because of the summary nature of the proceeding, the purpose being to prevent a retrial of questions of fact in another court with consequent delay. *Webb* v. *Ambler,* 125 Conn. 543, 546, 7 A. 2d 228. Section 5980, however, does provide for a writ of error, which is the only method of procuring a review of proceedings in an action strictly of summary process. Practice Book § 267. The foregoing is the procedure prescribed because the proceeding to obtain possession is intended not only to be summary but also conclusive. *Banks* v. *Porter,* 39 Conn. 307, 308; *Marsh* v. *Burhans,* 79 Conn. 306, 308, 64 A. 739.

What we have said emphasizes the radical change wrought in the summary process statute by the amendment incorporated in § 1429e. Under it, a lessor, if he so elects, is no longer restricted in his action to recovery of possession of the premises but may also seek damages for any cause arising from their use and occupancy by the lessee. Where a lessor elects to sue for damages as well as possession, it may fairly be inferred that his eagerness for immediate possession is tempered by a coexisting de-

sire for damages. The statute recognizes this by retaining the accelerated procedure where no damages are claimed but dispensing with it where they are. Accordingly, it provides that "if, in such complaint, the relief demanded be confined to possession of the leased premises and costs of such action, it may be made returnable six days, inclusive, after service upon the defendant," instead of being "returnable in accordance with the established rules and procedure of civil process," as is required where a claim for damages is included; and, further, it expressly states that where possession only is demanded the provision of § 5974 concerning "no appeal," and of § 5980 as to a writ of error, shall apply, but that, if "in addition to the demand for possession of premises . . . damages shall be demanded, the complaint" shall fall within the category of civil process, "including the right of appeal." These changes in the statute make clear that, where a plaintiff's complaint includes in its prayers for relief a claim for damages as well as a demand for possession of the premises, a right of appeal instead of a right to a writ of error is given the defendant, and they also manifest the reason why this change in remedies has been made.

It is contended by the appellees, however, that, in any event, since the record fails to show that a claim for damages was actually asserted by them at the trial in the Town Court, the amendment in the statute does not apply, and that therefore this case must be regarded as a summary process proceeding solely. This contention disregards the express language of the statute, which makes "the relief demanded" in the complaint the determinative factor as to the applicability of the amendment. This provision is similar in nature to the usual legislative

enactment prescribing the amount of "the matter in demand" as a determinative jurisdictional requirement. See General Statutes §§ 5437, 5443; Sup. 1941, §§ 808f, 813f; Sup. 1947, § 1420i; *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 136, 32 A. 2d 547. The claim for damages set forth in the complaint brings the case within the provision as to an appeal. This gives the appellees no reason to complain, since they voluntarily inserted the claim in their complaint and did not seek to withdraw it before judgment. The court erred in dismissing the appeal. As was expressly conceded by the appellees in oral argument before us, a right in the appellant to appeal carries with it the right to a jury trial in the Court of Common Pleas. The court therefore also erred in denying the motion to place the case on the jury docket.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to place it upon the jury docket.

In this opinion the other judges concurred.