SUN OIL COMPANY *v.* AUGUSTINE M. KEANE ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 3-636-2298

Argued February 3—decided March 10, 1964

*James C. Deakin,* of Danbury, for the appellant (named defendant).

*Robert J. Cooney,* of Bridgeport, for the appellee (plaintiff).

Kosicki, J. The plaintiff instituted an action in summary process to recover possession of premises leased by it to the named defendant, hereinafter called the defendant. From a judgment in favor of the plaintiff, the defendant has appealed.[1] The finding of facts, which is not subject to any correction which would advantage the defendant, discloses the following: On November 12, 1948, the defendant, as owner of the premises in question, entered into a long-term "Improvement Lease" with the plaintiff as lessee. On March 14, 1950, the plaintiff sublet the premises to the defendant by a written lease, which was renewed on October 31, 1957, and its term is currently from year to year. The parties do not raise any issue as to the leases, which are in

[1] Before the passage of No. 28 of the 1959 Public Acts, review of a summary process judgment was available only through a writ of error in matters of law only, as presented by a bill of exceptions. General Statutes §§ 52-274, 52-272. The right of appeal from such judgment was expressly denied. General Statutes § 52-534; *Webb* v. *Ambler*, 125 Conn. 543, 546. Under § 204 of No. 28 of the 1959 Public Acts, § 52-274 of the General Statutes, limiting the review to a writ of error, was repealed. Section 52-534 was amended by Public Acts 1961, No. 509, § 3, by providing for an appeal from a summary process judgment in the same manner as in other cases. This has broadened the scope of the review and has extended the time within which the review can be perfected and considered. The statutory remedy, however, has not been altered and is designed to provide speedy and expeditious relief to landlords seeking possession of lands wrongfully held by tenants. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.*, 149 Conn. 149, 154; *Proch* v. *Decho*, 134 Conn. 649, 651; *Atlantic Refining Co.* v. *O'Keefe*, 131 Conn. 528, 530; *Fort Orange Barbering Co.* v. *New Haven Hotel Co.*, 92 Conn. 144, 150. It is noticed in the present case that the writ was filed on June 21 and was followed by numerous pleadings, including a plea in abatement, motion to erase, demurrer, answer, motions to amend, and special defenses, so that the issues were not closed, and the case was not tried, until August 29. In a summary process action, the questions submitted should be few, simple, and easily understood. *Davidson* v. *Poli*, 102 Conn. 692, 695; *Lang* v. *Young*, 34 Conn. 526, 528. The single issue presented in this case was whether the lease had terminated by reason of an expressed stipulation therein. It would seem that the elaborate pleadings, resulting in a voluminous file, only served to make the summary process illusory.

evidence, nor with regard to the landlord-tenant relationship between the parties. Under the provisions of the current lease, rent was payable monthly on the first day of each month, in advance, in the amount of $260.94. In addition to this rental, there was a surcharge payable to the plaintiff and computed at a fixed rate on each gallon of gasoline or motor fuel sold by the plaintiff to the defendant in excess of a stated total gallonage; the total monthly instalment of rent, however, was not to exceed $344.50. No grace period for past due rent was expressly granted in the lease. The lease provided, among other things, that if the defendant violated any covenant or condition contained therein, the plaintiff would have the right, at its option, to terminate the lease.

On May 27, 1963, the plaintiff notified the defendant that the surcharge was no longer effective and that future rentals were to be paid in accordance with the terms of the lease at the basic monthly rental. On May 31, an invoice for rent for the month of June was mailed to the defendant. The letter and invoice were both received by the defendant in the regular course of business. On June 4, the district manager for the plaintiff called on the defendant with reference to the June rent, which had not been paid. The defendant told the manager in emphatic and unmistakable language that the rent would not be paid. On the same day and following this discussion, the plaintiff caused a notice to quit to be served on the defendant, demanding that the premises be vacated on or before June 10. The summary process action was commenced on June 13, there still having been no payment or tender of rent, and the writ was filed in court on June 21. On the same date, a letter was sent to the defendant, signed by the credit manager of the plaintiff, stating that his records indicated

that the defendant's June instalment of rent remained unpaid and asking him to forward a check. In response to this letter, the defendant, on June 27, sent his check for $260.94, together with a letter stating that he intended to remain in possession of the premises. Upon its receipt on June 28, the check was stamped with the endorsement "For deposit to the credit of Sun Oil Co. Bridgeport District" and was sent, with the defendant's letter, to the plaintiff's attorney. On July 1, this check was returned to defendant's counsel, who mailed it again to the plaintiff's attorney. The latter once more returned it on July 11 to the defendant's counsel, with the endorsement crossed off and accompanied by a letter stating that the letter of June 21 was sent in error by the credit department since the lease had already terminated. The defendant has continued in possession of the premises.

The court concluded that the provision in the lease concerning forfeiture created a condition subsequent for the breach of which the plaintiff at its option could terminate the lease; that proper demand had been made on the defendant to pay the June rent; that failure to pay was a breach of the defendant's covenant to pay rent; that the plaintiff terminated the lease by the unequivocal act of serving the notice to quit; that the check received by the plaintiff was not accepted by it or its counsel in payment of rent; that the correspondence between the parties and the proffer of the check, after the summary process action was instituted, did not constitute a waiver by the plaintiff of the breach or the forfeiture and did not evidence a renewal of the lease or the creation of a new term; and that the plaintiff was entitled to immediate possession of the premises.

The assignment of errors contains seven paragraphs, of which we need to consider only four.

The remaining assignments have reference only to the failure of the court to correct its finding of the subordinate facts, and we have already determined that the finding, as summarized above, is not subject to correction in any material respect.

In his first assignment, the defendant challenges the validity of the judgment because the plaintiff's complaint failed to state a cause of action in summary process in that the complaint did not expressly allege that the lease was terminated by an expressed stipulation therein. The allegations of the complaint followed Form No. 803 in the 1963 Practice Book. Although the plaintiff failed to include the allegations suggested in paragraph 5 of Form No. 802, to the effect that the time designated in the notice to quit had passed and that the defendant still continued in possession and refused to vacate, such an omission is inconsequential. The parties stipulated to these facts at the outset of the trial. "Under our Rules of Practice it is only necessary to set out the matters in question in a complaint according to their legal effect, in such a way as fairly to apprise the adverse party of the state of facts which it is intended to consider." *Kovner* v. *Dubin*, 104 Conn. 112, 116; Practice Book, 1963, § 71. The complaint sufficiently states a cause of action to sustain the judgment rendered.

The second assignment asserts that there was no evidence that a proper demand for rent was made on June 1 and therefore demand had not been proved. It is the uniform rule at common law that a demand for payment must be made by the lessor as a prerequisite to enforcement of a lease provision for forfeiture or termination upon nonpayment of rent. Note, 28 A.L.R.2d 803, 807, § 3. It is not seriously claimed that the letter on May 27 and the invoice of May 31, sent by the plaintiff to the defend-

ant, did not constitute a forthright demand and that the exact amount of rent became due and payable in accordance with paragraph 3 of the lease, which states: "Lessee shall pay Company rent for the use of the demised premises as follows: The sum of $258.44 per month, payable monthly in advance on the first day of each month, and an additional sum of . . . $2.50 in advance on the first day of each and every month of said term as rent for . . . special facilities." The defendant testified and did not deny receiving the letter and invoice on June 1 or at any other time. The defendant does not question the fact that a demand had been made, but rather he contends that the demand made did not meet the technical requirements of the common-law rule in Connecticut. "At common law it was necessary for the lessor to make demand for the rent in order to lay a foundation for forfeiture, and this was to be made upon the premises at a reasonable hour upon the last day the rent was payable under the terms of the lease. The purpose of this requirement was to give the lessee an opportunity to pay the rent due, and so to avoid a forfeiture of his lease. The lessor was also required to make a formal re-entry upon the premises. *Bowman* v. *Foot,* 29 Conn. 331, 340; *Hartford Wheel Club* v. *Travelers Ins. Co.,* 78 Conn. 355, 358 . . . ; *Chapman* v. *Harney,* 100 Mass. 353; *Sperry* v. *Sperry,* 8 N.H. 477; *Moran* v. *Lavell,* 32 R.I. 338 . . . ; *Willard* v. *Benton,* 57 Vt. 286." *Kovner* v. *Dubin,* supra, 119; see also *Camp* v. *Scott,* 47 Conn. 366, 374. The precise claim of the defendant is that there was no compliance with the common-law rule of this state because the plaintiff did not make the demand on the premises at a reasonable hour on the last day the rent was payable and therefore one of the essential elements to the action of summary process was lacking. We need not consider whether the strict

rule of the common law would be applicable in this era of improved, rapid and trustworthy means of communication, nor is it necessary to point out that, in each of the cases cited above, the decision involved other issues and did not rest on the rule stated. In the case before us, not only had the plaintiff made a timely demand but, three days later, the defendant definitely refused to pay the rent due. The purpose of the demand had been fulfilled, and the action of the defendant, when afforded the opportunity to avoid a forfeiture, was such as plainly to invite it. The defendant gains nothing by this assignment.

The third assignment does not require extended consideration. It is too general and is not in conformity with our rules. Practice Book, 1963, § 989; *Kovner* v. *Dubin,* supra, 118. As nearly as we can determine, the defendant claims error because the court failed to take into account the late payment of rentals in the past and to apply the doctrine of waiver in the present instance. It is further claimed that there was a waiver of the breach and of the forfeiture of the lease, as evidenced by the plaintiff's letter of June 21 requesting payment of the past due rent, by the check sent by the defendant on June 27, and by the plaintiff's endorsement on the check. The expression "waiver," as commonly used, though sufficiently correct for most purposes, is not strictly accurate. Its inaccurate use has in this case, perhaps, caused much unnecessary effort and delay in the course of pleadings and argument, particularly with reference to the necessity for special defenses and the defendant's burden of proving them. "The waiver we are considering is not founded on the doctrine of estoppel, nor on the idea of a rescission of the old contract and the making of a new one, requiring the active concurrence of both parties; but simply on the ground

that the act or omission in question, involving a breach of the covenants, has made the lease voidable, not at the election of the lessee, but only at the election of the lessor; and that any act whatsoever on his part by word or deed with knowledge of what has been done, which signifies his election to affirm the lease, is decisive." *Camp* v. *Scott,* supra, 371.

The claim of the defendant that the tender of late rentals by him in the past and their acceptance by the plaintiff relieved the defendant of the necessity of strict compliance with the terms of the lease is untenable. It sufficiently appears that these late payments were related only to the surcharges and not to the fixed rent. The surcharges had been discontinued before June 1. Furthermore, as already noted, the issue of fact, irrefutably proved, was the refusal to pay as well as the nonpayment. The defendant's final claim that the demand for payment by the plaintiff and the subsequent tender by the defendant amounted to an election by the plaintiff to affirm the lease presents primarily a question of fact. There may be circumstances where the acceptance and retention of a check for the rent by the landlord may operate as a waiver of the breach. *Borst* v. *Ruff,* 137 Conn. 359, 361. That was not the situation here. Upon the evidence, the court could reasonably find that the plaintiff's letter had been sent in error, the error being induced by the routine procedure of the credit department; that the tendered rent was not accepted; and that there was no intention on the plaintiff's part to affirm the lease and to discontinue the pending action in summary process. At most, the action of the plaintiff was only evidence of an intention to revoke its decision to terminate the lease. The plaintiff was entitled to explain the circumstances in any way favorable to it. *DelVecchio* v. *Del-*

*Vecchio,* 146 Conn. 188, 196; *Berger* v. *Guilford,* 136 Conn. 71, 83. The question of intention is one of fact and is not reviewable unless the conclusion drawn by the trier is one which cannot reasonably be made. *Burbank* v. *Stevens,* 104 Conn. 17, 23.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.