# Evans *v.* McDonald Construction Co., Appellant, et al.

*Appeals—Bond—Supersedeas—Inadequate bond—Quashing appeal—Equity—Interpleader—Constitutional law — Corporations— Discrimination against—Act of May 19, 1897, P. L. 67.*

1. Where, in an interpleader suit in equity, a decree is entered directing the stakeholder to pay the money in dispute to the plaintiff, and an appeal is taken by defendant, a corporation, the latter must file a bond in double the amount of the fund, although the decree was not in express terms against the defendant.

2. If, in such case, the court below, in an informal application, with notice to appellees' counsel, fixes the bond at an inadequate amount, the appeal will be quashed, inasmuch as, under section 5 of the Act of May 19, 1897, P. L. 67, the court had nothing to do with the question, except on an appeal from the decision of its prothonotary.

3. Section 6 of the Act of May 19, 1897, P. L. 67, which provides that, in order that an appeal "directing the payment of money shall operate" as a supersedeas, appellant must give "bond with sufficient surety or sureties in double the amount of such judgment, order or decree," with interest and costs, is not limited to instances where the decree is against the particular appellant.

4. If the decree is against the stakeholder, and the defendant appeals, the basis of his appeal is that the court below decreed appellant's money should be paid to appellee, and, therefore, as the decree is virtually against himself, he must enter security in the amount specified by the statute.

5. The Act of May 19, 1897, P. L. 67, relating to entry of security on appeals, which provides that, in all cases, except as stated in the statute, where a corporation, other than a county, township, or municipal corporation, appeals on its own behalf, such appeal shall be quashed unless bail is given to operate as a supersedeas as required by the act, does not constitute an unconstitutional discrimination against corporations.

Appeal, No. 104, Jan. T., 1926, by the McDonald Construction Co., from decree of C. P. No. 2, Phila. Co., March T., 1925, No. 5459, directing the Aldine Trust Co. to pay over a fund in case of Charles H. Evans Construction Co. v. McDonald Construction Co. and Aldine Trust

Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal quashed.

Rule to quash appeal.

*David Wallerstein,* for appellant.

*Allen S. Morgan* and *James Gay Gordon,* for appellee.

PER CURIAM, December 16, 1925:

The Aldine Trust Company was in possession of a fund amounting to $5,390.18, in which it had no interest, but which was claimed by both the Charles H. Evans Construction Company and the McDonald Construction Company. A bill in equity, filed by the first-named company against the two other parties, resulted in a decree for plaintiff directing the trust company to pay the fund to the Evans Company, plus interest, and without prejudice to the right of the McDonald Company in any other suit; the court ordered the costs in the existing suit to be paid by the latter concern. The Trust Company did not appeal, because it was a stakeholder only; if it had appealed, it would have been required to enter security in double the sum decreed to be paid to plaintiff, with interest and costs, as prescribed by the statute hereinafter quoted. The only appeal was by the McDonald Company; it entered security in the sum of $500 only, and the single question now to be decided is, Should the appeal be quashed because an adequate bond was not given?

Appellant specifies three reasons why this should not be done: (1) Because the decree did not direct the McDonald Construction Company (appellant) to pay any money whatever, except costs; (2) because, on "an informal application," which was made to the court below, with notice to appellee's counsel, that tribunal fixed the amount of the bond at $500, which was there-

upon entered; and (3) because, since the statute does not state that appeals by individuals will be quashed unless they enter security in double the amount of any judgment, order or decree, with interest and costs, as is required of corporations, it is an unconstitutional discrimination against the latter.

As to the first point, section 6 of the Act of May 19, 1897, P. L. 67, 68, provides that, in order that an appeal "directing the payment of money shall operate as a supersedeas," appellant must give "bond with sufficient surety or sureties in double the amount of such judgment, order or decree" with interest and costs. The section is not limited to instances where the decree is against the particular appellant; but, if it had been so limited, the same result would be reached here, for the basis of this appeal is that the court below decreed appellant's money should be paid to appellee, and on this theory alone can appellant maintain its appeal, since otherwise it has no interest in the fund. Section 15 of the same statute (P. L. 1897, page 70) provides that, as to a corporation like appellant, its "appeal shall be quashed unless bail is given to operate as a supersedeas as by this act required." The present appellant has not given such security.

On the second point, it is sufficient to say it does not appear that the application to the court below was to fix the amount of a bond necessary in order that the appeal should supersede that part of the decree which required the trust company to pay the sum of money in its hands to plaintiff; but even if this had appeared, it would not have helped appellant, for with such a question, by section 5 of the act, the court below had nothing to do, except upon an appeal from a decision of its prothonotary. We cannot assume that either the court or its prothonotary would have ignored the plain language of the statute in fixing the amount of the bond, if the appeal was to operate as a supersedeas regarding this fund. It does operate to supersede plaintiff's right to

recover costs from appellant, which was a part of the decree.

As to the alleged unconstitutional discrimination against corporations, no antagonistic provision of the Constitution is pointed out, and we know of none; in the absence of one, the State's legislative power is supreme.

The appeal is quashed.