## Kaplan v. Bernstein et al.

Before Hoban, P. J., and Robinson, J.

*Leach & Lenahan* and *S. Augustus Davis*, for plaintiff.

*Needle, Needle & Needle*, for defendants.

ROBINSON, J., April 28, 1950.—Plaintiff recovered a judgment in ejectment against defendants. An ap-

peal was taken to the Supreme Court. The writ of certiorari directed to this court lists all defendants as appellants above.

On April 13, 1950, an appeal bond was presented to this court for approval. It was approved. Thereupon, plaintiff petitioned for a rule to show cause why the court should not "withdraw" the approval of the bond and "a bond in the sum of $15,000 with all of the appellants as principals and with good and sufficient surety be filed".

The bond was drawn substantially in language of the provisions of the Act of May 19, 1897, P. L. 67, sec. 10, 12 PS §1143, and was filed thereunder for the purpose of having the appeal operate as a supersedeas. However, only one appellant, Max Bernstein, executed the bond and he did not place his seal on the instrument.

The surety is a responsible corporate surety and defendant Bernstein contends that the instrument furnishes ample security to plaintiff under the circumstances. We have no doubt that as an item of collection recovery could probably be had on the instrument at least against the surety.

But we are not concerned only with the security offered by the instrument. Whether the instrument complies with the terms of the statute and the extent of the authority of the court in the matter must also be considered.

We are of the opinion that the bond required under section 10 of the Act of 1897, to make the appeal operate as a supersedeas, contemplates the filing of a sealed instrument executed by the parties taking the appeal. We are further inclined to the proposition that the authority of the court in the matter is purely revisionary. Section 5 of the Act of 1897, 12 PS §1137, states:

"Except as herein otherwise provided and subject to revision by the court from which the appeal is taken,

the prothonotary or clerk thereof shall fix the amount of bail and approve or reject the security offered. For all services in connection with any appeal he shall receive the sum of three dollars."

The omission of the principal's seal alone would require disapproval of the instrument for the purpose for which it was filed.

Further, the lower court has little or nothing to do in such matters. In Evans v. McDonald Construction Co. et al., 284 Pa. 593, 595, it is said ". . . with such a question, by section 5 of the act, the court below had nothing to do, except upon an appeal from a decision of its prothonotary."

We are without authority to order the filing of a bond in which all appellants are joined as principals. The law does not require parties in possession of real property, who have suffered an adverse judgment in ejectment, to appeal or to take steps to have the appeal operate as a supersedeas. If they desire to avail themselves of the provisions of the statute it is for them to comply with its terms. Plaintiff may question the sufficiency of the compliance in the appellate court.

Now, April 28, 1950, the order of April 13, 1950, approving the appeal bond is vacated; the rule to show cause why a bond should not be filed with all appellants as principals is discharged.