Stoler *v.* Fraternal Order of Beavers, Appellant.

Argued March 19, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James P. Coho,* with him *Hamaker & Coho,* for appellant.

*Harris C. Arnold,* with him *Arnold, Bricker & Beyer,* for appellees.

PER CURIAM, July 17, 1952:

The plaintiff brought a landlord's possessory action against the defendant before an alderman under the Act of 1830, P. L. 187, §1, 68 PS §§391, 392. Under the provisions of this Act if the defendant desired to appeal to the common pleas it was provided: "No writ of possession shall be issued . . . [if within] five days the tenant shall give good, sufficient, and absolute security . . . for all costs . . . and also for all rent that has accrued . . ."

The alderman found ". . . there is now due and in arrears rental of Two Thousand ($2000.00) Dollars, being four months rent at the rate of Five Hundred ($500.00) Dollars per month; . . ." He further entered judgment for possession. The defendant attempted to

take an appeal to the common pleas, but gave bond in the sum of only $700.00. The alderman having found that the amount of rent in arrears was $2,000, in order to take an appeal the defendant was required under the Act of 1830, P. L. 187, §1, 68 PS §392, "to give good, sufficient, and absolute security, . . . for all costs . . . . and also for all rent that has accrued [$2,-000] or may accrue, up to the time of final judgment . . ." The lower court on motion quashed the appeal because of such non-compliance with the Act. The order must be affirmed.

The defendant had the obvious duty of relinquishing possession or, if it wanted to appeal, to give the bond required by the statute. The bond was a condition precedent to the appeal. A similar situation arose under the Act of 1897, P. L. 67, 68 (no longer in force), which provided that a corporation *must* give bond in double the amount of the judgment in order to take an appeal. In *Evans v. McDonald Construction Co. et al.*, 284 Pa. 593, 131 A. 467, the appellant gave bond for only $500, although the amount in controversy was more than $5,000. The court was compelled to quash the appeal. The situation is almost exactly similar here. See also *Scranton City v. Peoples Coal Co.*, 274 Pa. 63, 117 A. 673; *Denlinger v. Conestoga Electric Light & Power Company*, 32 Pa. Superior Ct. 418.

In the instant appeal it is argued that the matter was res adjudicata because the court had stricken off the judgment entered by the plaintiff in an amicable action of ejectment against this defendant. But this is obviously not res adjudicata. The plaintiff alleges that the rent accrued was only $700. The alderman found otherwise. In any event, one of the things to be litigated on the appeal is the accrued rental, and the defendant itself has no right to fix the amount of the bond. Incidentally, under the Act of 1830 the alder-

man does not enter judgment for the accrued rental,[1] but merely judgment for possession; but the condition of the appeal bond is to give security for all the rent that has accrued. The purpose of this is to obtain for the plaintiff either possession of the premises at once or a bond to secure him from loss.

Judgment affirmed.

---

[1] The Act of 1830 has been supplanted by Act No. 20 of 1951, which did not become effective until September 1, 1951. Under the latter Act the alderman *may* enter judgment for the accrued rental. The provisions of the Act of 1951 are substantially the same as to the requirement that the defendant, in order to take an appeal, must give bond with security in the amount of the accrued rent and costs. Since this appeal from the alderman's judgment was taken on July 20, 1951, and filed in the common pleas on the same date, the Act of 1951 does not apply.