MARY MUTI *v.* THOMAS COLLINS ET AL.

HON. HERBERT S. MACDONALD, A JUDGE OF THE SUPERIOR COURT

NEW HAVEN COUNTY AT NEW HAVEN

Memorandum filed May 9, 1963

*Richard A. LoRicco,* of New Haven, for the plaintiff.

*Roger J. Frechette,* of New Haven, for the defendants.

MACDONALD, J.   To summarize briefly what has taken place, this court, following its memorandum of April 8, 1963, entered an order, under the provisions of § 52-156 of the General Statutes, directing that depositions be taken of certain employees of the city of New Haven. The reason for granting the petition of the plaintiff for the taking of these depositions and for the issuance of the order, dated April 25, 1963, was to make it possible for her to have the information necessary for properly bringing on action under the provisions of § 7-308 of the General Statutes against the city of New Haven and the specific employee or member of the city fire department who she claims was responsible for causing her injury.   By taking an appeal, which, of course, the city had every right to do, from the order, the city has effectively stayed the taking of

the depositions, unless this court, as the one who issued the order, interferes.

There is no question in the court's mind that it has the authority under § 411 of the Practice Book to order that the stay be terminated. The specific portion of § 411 to which reference is made is that reading ". . . if the judge who tried the case is of the opinion that . . . the appeal is taken only for delay or that the due administration of justice requires him to do so, he may at any time, upon motion and hearing, order that the stay be terminated." As indicated at time of argument, the court certainly does not think that the city took its appeal solely for the purpose of delay. There is a good question of law involved, which should be resolved by our Supreme Court, as to whether or not this is the proper use to be made of the statute providing for the perpetuation of testimony. General Statutes § 52-156. However, the entire purpose of the issuance of the order to perpetuate testimony would be defeated if the depositions are delayed beyond the time within which the plaintiff must file her action, and in order to do so she must have the information that she seeks in the depositions. For that reason, the conclusion has been reached that the due administration of justice requires the court to terminate the stay. With respect to the city's position that this termination of the stay will cause the parties whose depositions are to be taken irreparable injury, the court must, of course, balance that claim against the injury that would result to the plaintiff if her application is denied.

The position of the city is that the plaintiff would not be irreparably harmed because there are other methods which her counsel might pursue in protecting her rights, but it seems that the same reasons apply here as applied to granting her petition to perpetuate testimony in the first place, namely, that

the other procedures suggested would be cumbersome and roundabout, and although they may exist it seems to the court that this is exactly the type of situation which is sought to be covered by § 52-156 of the General Statutes—regardless of the use of the word "perpetuate" in that statute. On the other hand, it is difficult to see what irreparable damage would be caused to Chief Collins or Lieutenant Boyle or Officer Buffalo, if they were to be subjected to the taking of depositions which probably would not take more than five minutes, other than the slight inconvenience of appearing briefly before some proper authority. Doubtless, the "irreparable harm" referred to by counsel for the city is the very use of this statute for the purpose of taking depositions against anyone, rather than any burdensome inconvenience to the individuals.

However, if it is the rather academic question that the city wishes to have determined, as to whether the court has authority under the deposition statute to order this kind of proceedings, that question can be resolved on appeal even if the depositions have been taken, and it would appear that the real solution of the whole problem might be to request the Supreme Court to review the original order which the court gave for perpetuating testimony under these circumstances at the time it hears the merits of any appeal from this order terminating the stay of execution.

Under the case of *Northeastern Gas Transmission Co.* v. *Benedict,* 139 Conn. 36, our Supreme Court seems to indicate that this is the proper procedure under these particular circumstances—that is, to proceed as counsel has done under § 411 of the Practice Book—and the Supreme Court there states specifically that this is a matter which lies entirely within the discretion of the trial judge.

So as to leave no stone unturned, reference also is made to § 52-477 of the General Statutes, which refers to a stay pending appeal of a mandatory injunction. This statute probably is not applicable here instead of § 411 of the Practice Book, but the view might be taken that by ordering the taking of these depositions the court has, to some extent, issued an order similar to a mandatory injunction, and § 52-477 provides that "[W]hen judgment has been rendered for a permanent injunction ordering either party to perform any act, the court, upon an application similar to that mentioned in § 52-476, shall stay the operation of such injunction until a final decision in the supreme court of errors, unless the court is of the opinion that great and irreparable injury will be done by such stay or that such application was made only for delay and not in good faith." Here again, it is not implied that any bad faith or intentional delay is involved. Rather, as under the section of the Practice Book referred to, in the exercise of the court's discretion and in its best judgment, it appears that irreparable injury would be caused to this plaintiff unless this stay of execution is terminated.

For that reason, the court grants the motion of Mary Muti that stay of execution on appeal in this matter shall terminate and that depositions of Chief Collins, Lieutenant Boyle and Officer Buffalo be taken either at the hour presently suggested of 4 p.m., May 13, 1963, or at such other time within the next two weeks as may be agreed upon by counsel.[1]

It is so ordered.

---

[1] The Supreme Court of Errors found no error in the termination of the stay of execution. *Muti* v. *Collins*, 150 Conn. 729.