WEST HAVEN HOUSING AUTHORITY *v.* RECTOR
SIMMONS, JR., ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 8-677-5985

Argued February 19—decided March 1—motion for termination
of stay of execution argued April 1—decided April 11, 1968

*Francis X. Dineen,* of New Haven, for the appellants (defendants).

*Dennis J. Donahue, Jr.,* and *E. Michael Heffernan,* of West Haven, for the appellee (plaintiff).

JACOBS, J. The complaint in this summary process action alleged these facts: The defendants entered into possession of the leased premises on the first day of November, 1966, under a written lease, for the term of one month, renewable for successive terms of one month each, at a monthly rental of $72, payable in advance, on the first day of each month. On July 12, 1967, the plaintiff gave the defendants the statutory notice that they were to quit possession of the premises on or before July 18, 1967, for failure to pay the rent due for the months of May, June and July, 1967.

After the filing of the summary process action, a succession of pleadings followed, and, on December 4, 1967, the court *(DiCenzo, J.)* ordered the pleadings closed within one week from the aforesaid date. The defendant complied with the order of court. A hearing was held on the merits on January 16, 1968. Judgment was rendered for the plaintiff to recover possesssion of the premises described in the complaint upon the ground of nonpayment of the rent.

Upon the taking of an appeal, the defendants filed an application in the trial court for waiver of security on appeal upon the ground of defendants'

indigency and attached an affidavit to the motion showing the defendants' financial condition.

On January 19, 1968, the trial court held a special hearing on the defendants' application for waiver of security on appeal. The court found that no rent had been paid since May 1, 1967, nor had the defendants offered to pay any part of the rent due; that the record contained "dilatory tactics, and [was] loaded with defenses interposed to delay and obstruct the summary process action"; and that the "appeal is being taken for the purpose of delay." Accordingly, the court denied the application for waiver of security on appeal.

"With the establishment of the circuit court in 1959, the statute providing for the review of judgments of summary process by writ of error was repealed. Gen. Stat., 1959 Sup., § 52-274. Jurisdiction of summary process is now vested in the circuit court; Gen. Stat., 1959 Sup., § 52-2a; it is reviewable as is any other of its judgments." Maltbie, Conn. App. Proc. § 241 (Sup. 1961); see Rubinow, "Circuit Court Civil Jurisdiction and Procedure" § 191e, in Stephenson, Conn. Civil Proc. (Sup. 1966). "The right to an appeal is not a constitutional one, nor one based upon principles of natural justice. It is but a statutory privilege which an aggrieved party has the right to avail himself of only when he has strictly complied with the provisions of the statutes and rules upon which the privilege is granted." *Bronson* v. *Mechanics Bank,* 83 Conn. 128, 133; see *Bennett* v. *United Lumber & Supply Co.,* 110 Conn. 536, 538. "An appeal in this state is a statutory privilege accorded only if the conditions fixed by the statutes and rules of court for taking and prosecuting it are complied with." *Kennedy* v. *Walker,* 135 Conn. 262, 266. "Under its general authority to regulate appellate procedure the legislature has the power to require the giving

of a bond or undertaking as a condition precedent to the right to appeal or sue out a writ of error, unless such power is clearly excluded by the constitution. Such statutes do not violate constitutional provisions granting the right of appeal, as they do not restrict or deny the right, but merely regulate the manner of exercising it . . . ." 4A C.J.S. 208, Appeal and Error, § 502 (b). "The statutes [relating to summary process actions] almost invariably authorize an appeal by the person against whom the judgment is given in the proceeding, such appeal being effective to stay the execution of a judgment of dispossession only in case the appellant gives a bond or undertaking sufficient to satisfy any damage to the plaintiff caused by the continued withholding of possession." 2 Tiffany, Landlord and Tenant § 284, p. 1805; see 52 C.J.S., Landlord and Tenant, § 784 (a); *Pollack* v. *Ro-An of New England, Inc.,* 23 Conn. Sup. 196, 1 Conn. Cir. Ct. 173, 174. Thus, it is left to the legislature to provide the manner of taking an appeal, and the legislature has undoubtedly the power to provide such requirements and attach such conditions as are necessary to protect the adverse party.

Section 52-542 of the General Statutes provides that "[w]hen any appeal is taken by the defendant in an action of summary process, he shall give a sufficient bond with surety to the adverse party, to answer for all rents that may accrue . . . ." A sufficient bond with surety is essential to a valid appeal; see *Palmer* v. *Des Reis,* 136 Conn. 627, 630; and "is solely for the protection of the appellee." *Palmer* v. *Des Reis,* 135 Conn. 388, 389.

The defendants insist that the statutory requirement of a bond with surety as a condition precedent to the appeal as applied to them unconstitutionally discriminates against them as indigent defendants in violation of the equal protection clause of the

United States constitution and article first, § 10, of the constitution of Connecticut.

It would certainly require strong authority to induce us to come to the result claimed by the defendants. The defendants rely upon an opinion by Mr. Justice Douglas, with whom the chief justice concurred, dissenting from the denial of certiorari in *Williams* v. *Shaffer,* 385 U.S. 1037. In that case, the petitioners were unable, owing to indigency, to furnish the security bond required by Georgia Code Annotated § 61-304 (1966). The Supreme Court of Georgia held that the question involved was moot; the appeal was dismissed because the petitioners had been evicted. *Williams* v. *Shaffer,* 222 Ga. 334. Mr. Justice Douglas characterized Georgia's summary eviction statutes; Ga. Code Ann. §§ 61-301—61-305 (1966); as providing "a very swift, expedient manner" by which a landlord may oust a tenant. But Georgia's summary process statutes differ radically from ours. Under Georgia Code Annotated § 61-301 (1966), the landlord files with a judge of the Superior Court or justice of the peace an affidavit that the tenant has held over or has failed to pay the rent; the judge thereupon issues a dispossessory warrant ordering the sheriff to evict the tenant and his possessions. Ga. Code Ann. § 61-302 (1966); see *Carter* v. *Sutton,* 147 Ga. 496; *Hicks* v. *Beacham,* 131 Ga. 89, 92; *Huff* v. *Markham,* 70 Ga. 284, 288; *Shehane* v. *Eberhart,* 30 Ga. App. 265, 266. The tenant may arrest the proceedings and prevent his summary eviction by filing a counteraffidavit denying the landlord's allegations (Ga. Code Ann. § 61-303 [1966]) and thereby obtaining a jury trial on the facts in issue. Ga. Code Ann. § 61-304 (1966). "The bond and security must be given before the tenant can resist the warrant by counter-affidavit." *Realty Management, Inc.* v. *Keith,* 114 Ga. App. 317. And where the issues specified in § 61-304 are de-

cided adversely to the tenant, he is liable for double the rent reserved or stipulated. Ga. Code Ann. § 61-305 (1966); see *Stanley* v. *Stembridge,* 140 Ga. 750, 754; *Gaultney* v. *Adamson,* 75 Ga. App. 406, 408; *Sims* v. *Shotkin,* 70 Ga. App. 68, 71.

It may well be true that in Georgia an indigent tenant may be deprived of his shelter, and the life of his family disrupted—all without a hearing— solely because of his poverty. Surely it cannot be said that these defendants were denied a full and plenary hearing on the merits. And when we take a look at the record in this case, we would be hard put to say that the defendants lacked the economic power to make themselves heard in a court of law; indeed, seldom in our experience with summary process actions have tenants received such zealous and vigorous advocacy of their rights as is reflected by the record and briefs, which comprise some 140 typewritten pages. "This Court of course does not sit to cure social ills that beset the country." *Williams* v. *Shaffer,* 385 U.S. 1037, 1041.

*Roberts* v. *LaVallee,* 389 U.S. 40, also cited by the defendants, is distinguishable on the facts. The petitioner was indigent. He was charged with multiple offenses: robbery, larceny and assault. At trial, he asked the court to furnish him, at state expense, with minutes of a prior preliminary hearing at which the major state witnesses had testified. His request was denied. The petitioner was convicted of the crimes charged and sentenced to a term of fifteen to twenty years in prison. It was in that context that the court said (p. 42): "Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution."

The defendants here had an obvious choice: they could have relinquished possession or, if they wanted to take an appeal, given sufficient bond with surety. See *Hier* v. *Anheuser-Busch Brewing Assn.*, 52 Neb. 144, 145; *Stoler* v. *Fraternal Order of Beavers*, 171 Pa. Super. 170, 172; *Horn* v. *Blackwell*, 212 S.C. 480, 484.

We fail to see that the statute under attack (§ 52-542) violates constitutional precepts.

Want of bond with surety, where bond with surety is by statute a prerequisite of review, furnishes a sufficient ground of dismissal of the appeal.

The motion for review is denied; the appeal is dismissed.

In this opinion KOSICKI, presiding judge, and DEARINGTON, J., concurred.

ORDER BY KOSICKI, PRESIDING JUDGE, ON MOTION
FOR TERMINATION OF STAY OF EXECUTION

This is a motion made by the plaintiff pursuant to Practice Book § 744 to terminate a stay of execution on appeal from a judgment in a summary process action upon the ground that certification proceedings (Practice Book § 743) were taken by the defendants only for delay and that the due administration of justice requires such termination. At a special session of the Appellate Division held on April 1, 1968, the hearing was limited to plaintiff's motion for termination of stay of execution.

At the outset, we make this observation. "It has always been the policy of our law to limit the issues in an action of summary process to a few simple ones within the express scope of the statutory provisions." *Webb* v. *Ambler*, 125 Conn. 543, 550. "The action of summary process is a special, statutory

remedy to enable landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. 1 Swift's Dig., s.p. 511. 'The proceeding was not only intended to be summary, but conclusive.'" *Marsh* v. *Burhans,* 79 Conn. 306, 308; see *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530; *Proch* v. *Decho,* 134 Conn. 649, 651; Greenberg, "The Action of Summary Process," 33 Conn. B.J. 62, 69.

[Prior history of case omitted.]

"Appeals for delay and frivolous appeals have given trouble from the beginning." Pound, Appellate Procedure in Civil Cases, p. 31. "The authorities are numerous that where a writ of error is brought for the purpose of delay it does not supersede the execution." *Brewster* v. *Cowen,* 55 Conn. 152, 156. So in the statute (§ 52-542) with regard to summary process for obtaining possession of leased premises, it is provided that the defendant may have five days after judgment in which to take an appeal, and that "execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken for the purpose of delay." "A supersedeas or stay will not issue unless it is necessary to preserve the rights of the parties pending determination of the appeal; nor will it be granted where it appears that the appeal . . . is merely for the purpose of delay; . . . . Further, a supersedeas or stay will not be granted . . . where the supersedeas or stay may defeat the ends of justice or result in irreparable or disproportionate injury to the appellee; . . . where the damage which may result from the supersedeas or stay is of such a character that it cannot be compensated in money, so that the appellee will not be

protected by the bond in case of affirmance; . . . where appellant has not executed the bond or undertaking required by law or a sufficient bond or undertaking . . . ." 4A C.J.S. 454, Appeal and Error, § 636; see *People* v. *Jackson,* 190 Cal. 257, 261; *Sartin* v. *Barlow,* 196 Miss. 159, 168; *Application of Mott,* 123 N.Y.S.2d 603; 5 Am. Jur. 2d, Appeal and Error, § 912.

In the interpretation of Practice Book § 744, the controlling consideration is that it provides that "if the presiding judge of the appellate panel which heard the case is of the opinion that the certification proceedings have been taken only for delay or that the due administration of justice requires him to do so, he may, up to the time . . . [the Supreme Court] acts upon the petition, upon motion and hearing, order that the stay be terminated." See *Northeastern Gas Transmission Co.* v. *Benedict,* 139 Conn. 36, 39; *Muti* v. *Collins,* 24 Conn. Sup. 455, 456.

We have before us the entire file in the case. The record and briefs comprise some 140 typewritten pages. Upon a review of the whole matter, we are satisfied that Judge DiCenzo was justified in concluding, as he did when he denied the defendants' application for a waiver of security on appeal, "that this appeal is being taken for the purpose of delay."

Therefore, the plaintiff's motion for an order terminating a stay of execution must be and the same is hereby granted; this order shall not become effective until five days after receipt of this order.

DEARINGTON and JACOBS, Js., concurred in this order.