SIMMONS ET UX. *v.* WEST HAVEN
HOUSING AUTHORITY

No. 81.   Argued December 8, 1969—Decided June 29, 1970

*Francis X. Dineen* argued the cause for appellants.
With him on the brief was *Joanne S. Faulkner.*

*F. Michael Ahern,* Assistant Attorney General, argued
the cause for the State of Connecticut as *amicus curiae*
in support of appellee.   With him on the brief were
*Robert K. Killian,* Attorney General, and *Robert L.
Hirtle, Jr.,* Assistant Attorney General, joined by the
Attorneys General for their respective States as follows:
*Joe Purcell* of Arkansas, *Duke W. Dunbar* of Colorado,
*Theodore L. Sendak* of Indiana, *Kent Frizzell* of Kansas,
*Jack P. F. Gremillion* of Louisiana, *James S. Erwin* of
Maine, *A. F. Summer* of Mississippi, *Robert Morgan* of
North Carolina, *Paul W. Brown* of Ohio, *George F. Mc-
Canless* of Tennessee, *Vernon B. Romney* of Utah, and
*James E. Barrett* of Wyoming; and by *Peter J. O'Dea,*
Attorney General of the Virgin Islands.

Briefs of *amici curiae* urging reversal were filed by
the Center on Social Welfare Policy and Law et al. and
by the National Legal Aid and Defender Association.

PER CURIAM.

We noted probable jurisdiction in this case to decide whether § 52–542 of the Connecticut General Statutes[1] requiring a bond for the protection of his landlord from a tenant who wished to appeal from a judgment in a summary eviction proceeding, offends either the Due Process or Equal Protection Clause of the Fourteenth Amendment if applied to foreclose appellate review for those too poor to post the bond, 394 U. S. 957 (1969).

Because of an ambiguity in the record concerning the underlying reason these appellants were denied an opportunity to appeal the trial court's judgment ordering that they be evicted, we now conclude that this appeal should be dismissed, *DeBacker* v. *Brainard*, 396 U. S. 28 (1969); *Rescue Army* v. *Municipal Court*, 331 U. S. 549 (1947).

After unsuccessfully litigating in the trial court a summary eviction proceeding begun by their landlords, appel-

---

[1] At the time of the decisions below in this case, § 52–542 provided:

"Bond on appeal; stay of execution. When any appeal is taken by the defendant in an action of summary process, he shall give a sufficient bond with surety to the adverse party, to answer for all rents that may accrue or, where no lease had existed, for the reasonable value for such use and occupancy, during the pendency of such appeal, or which may be due at the time of its final disposal; and execution shall be stayed for five days from the date judgment has been rendered, but any Sunday or legal holiday intervening shall be excluded in computing such five days. No appeal shall be taken except within said period, and if an appeal is taken within said period execution shall be stayed until the final determination of the cause, unless it appears to the judge who tried the case that the appeal was taken for the purpose of delay; and if execution has not been stayed, as hereinbefore provided, execution may then issue, except as otherwise provided in sections 52–543 to 52–548, inclusive."

This version of § 52–542 has been repealed and a revision substituted effective as of October 1, 1969, see Conn. Pub. Acts No. 296 (1969).

lants moved in the trial court for a waiver of the bond requirement so that they might appeal. The trial court, apparently of the view that it had the power to waive the statutory bond requirement in an appropriate case, denied appellants' motion on a finding that "this appeal is being taken for the purpose of delay." App. 23. Appellants sought review of the trial court's denial of their motion in the Connecticut Circuit Court, and that court denied review and dismissed appellants' appeal. It is unclear from that court's opinion, however, whether it thought the bond requirement of § 52–542 left no room for a waiver,[2] or instead based its refusal to hear appellants' appeal in part on the trial court's finding— cited in the Circuit Court's opinion[3]—that the appeal

[2] The opinion states in one place that "[a] sufficient bond with surety is essential to a valid appeal." 5 Conn. Cir. 282, 285, 250 A. 2d 527, 529 (1968). The court also said that "[w]ant of bond with surety, where bond with surety is by statute a prerequisite of review, furnishes a sufficient ground of dismissal of the appeal." *Id.*, at 288, 250 A. 2d, at 531. At oral argument here, however, the State of Connecticut, appearing as *amicus curiae*, contended that the statutory bond requirement could, in an appropriate case, be waived. The opinion of the Circuit Court did not expressly pass on this issue, which it appears was not settled under Connecticut law at the time of its decision. A subsequent decision of a Connecticut circuit court suggests that the bond requirement is an absolute and necessary condition for an appeal, but it too did not consider the waiver contention made by the State before this Court, see *Housing Authority* v. *Jones*, 5 Conn. Cir. 350, 252 A. 2d 465 (1968). Moreover, this decision did not consider the effect of the 1969 amendment to § 52–542, see n. 1, *supra*.

[3] The opinion states in another place:

"On January 19, 1968, the trial court held a special hearing on the defendants' application for waiver of security on appeal. The court found that no rent had been paid since May 1, 1967, nor had the defendants offered to pay any part of the rent due; that the record contained 'dilatory tactics, and [was] loaded with defenses interposed to delay and obstruct the summary process action'; and that the 'appeal is being taken for the purpose of delay.' Accord-

before it was taken only for purpose of delay. 5 Conn. Cir. 282, 250 A. 2d 527 (1968). Appellants' petition to the Supreme Court of Connecticut to certify the case for review was declined.

In these circumstances, we deem it inappropriate for this Court to decide the constitutional issue tendered by appellants.

*Dismissed.*

MR. JUSTICE BLACKMUN took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE MARSHALL joins, dissenting.

This was a summary procedure brought by a landlord[1] to obtain possession from his tenants for nonpayment of rent. The trial court found for the landlord and the tenants appealed.

Connecticut law requires one taking an appeal in such an action to post a bond with surety. The tenants showed they were financially unable to post the bond and claimed that to require a bond with surety to obtain an appeal would under those circumstances be a denial of equal

---

ingly, the court denied the application for waiver of security on appeal." 5 Conn. Cir., at 284, 250 A. 2d, at 529.

The same Circuit Court, in later granting the landlord's motion for an order terminating a stay of execution of the eviction order, expressly affirmed the trial court's findings saying:

"We have before us the entire file in the case. The record and briefs comprise some 140 typewritten pages. Upon a review of the whole matter, we are satisfied that [the trial judge] was justified in concluding, as he did when he denied the defendants' application for a waiver of security on appeal, 'that this appeal is being taken for the purpose of delay.' " 5 Conn. Cir., at 290, 250 A. 2d, at 532.

[1] Appellee operates a federally assisted low-rent housing project under the authority of Title V of the Housing Act of 1959, 73 Stat. 679, 42 U. S. C. § 1401 et seq. (1964 ed. and Supp. V) and Conn. Gen. Stat. Rev. § 8–38 et seq.

protection. The trial court refused to waive the requirement for a bond with surety saying that "the appeal is being taken for the purpose of delay."

The Circuit Court affirmed. The Appellate Division ordered the termination of a stay of execution. 5 Conn. Cir. 282, 250 A. 2d 527. The Supreme Court denied certification.

I would reverse this judgment. A rich tenant, whatever his motives for appeal, would obtain appellate review. These tenants, because of their poverty, obtain none. I can imagine no clearer violation of the requirement of equal protection unless it be *Griffin* v. *Illinois,* 351 U. S. 12. Whether the case is criminal or civil, wealth, like race, is a suspect criterion for classification of those who have rights and those who do not. *Harper* v. *Virginia Bd. of Elections,* 383 U. S. 663; *Lee* v. *Habib,* 137 U. S. App. D. C. 403, 424 F. 2d 891.[2]

---

[2] In that case Judge J. Skelly Wright, speaking for the Court of Appeals said:

"The limits of a state's duty affirmatively to equalize a defendant's ability to participate meaningfully in the judicial process are only now being sketched out in the cases. The picture is far from complete, but recent cases dealing with costs in divorce cases and transcripts on appeal from proceedings involving determination of parental rights, coupled with the expansive readings being given to *in forma pauperis* statutes, all suggest that the trend seems to be toward more, not less, affirmative action. Thus, while most of the cases extending equal protection to the judicial process have involved criminal proceedings, the constitutional mandate that there be no invidious discrimination between indigent and rich litigants is being recognized in civil cases as well.

"The equal protection clause applies to both civil and criminal cases; the Constitution protects life, liberty and property. It is the importance of the right to the individual, not the technical distinction between civil and criminal, which should be of importance to a court in deciding what procedures are constitutionally required in each case. Often a poor litigant will have more at stake in a civil case than in a criminal case." 137 U. S. App. D. C., at 412–413, 424 F. 2d, at 900–901.

What the merits of the tenants' appeal may be is not for us to say. But the appeal raised questions not easily answered. The terms of the lease stated that it could be terminated by not less than 30 days' notice, while apparently no more than five days' notice was given. A housing authority that is federally assisted has the right by 42 U. S. C. § 1404a (1964 ed., Supp. V), "to maintain an action or proceeding to recover possession of any housing accommodations operated by it where such action is authorized by the statute or regulations under which such housing accommodations are administered." There is not a word in appellee's argument that indicates that the federal regulations permit eviction on five days' notice where the lease requires 30 days' notice.

The case has been argued as if appellants are "cheap skates" seeking to get something for nothing. That simply is not true, for the record shows:

"Mrs. Faulkner: Your Honor, may I urge upon you that if you grant our motion to have the defendants deposit the rent in court the landlord will not be hurt any further by delay in this proceedings. He will be protected because the monthly rent will be deposited. If he is successful on appeal he will be able to get the rent.

"The Court: Do you suggest, if that should be the conclusion, that the clerk could issue an execution upon failure to pay?

"Mrs. Faulkner: Yes.

"The Court: In other words, you will be willing to stipulate on behalf of your clients that if the rent were not paid that the clerk would, may be empowered forthwith to issue an execution?

"Mrs. Faulkner: Yes, Your Honor.

"The Court: That appeal to you all right?

"Mr. Philbin: Frankly it doesn't. During this period of time, it could take a considerable period of

time, even if the tenant pays the fund into the clerk's office, they are not available to the plaintiff and we are still as a practical matter losing the rents during that period of time. Eventually if we prevail and get this money this would be an extended period of time." App. 19–20.

The State of Connecticut represents that its summary eviction statute is based on an English Act of 1737, 11 Geo. 2, c. 19; and with all respect, the decisions below reflect an 18th century lawyer's approach to the task of protecting a landed interest. Every appeal of course entails delay; and in a sense all appeals are antithetical to the spirit of summary eviction. But we live today under a different regime. Unlike 1737, appellate courts are no longer closed to the poor. Eviction laws emphasize speed for the benefit of landlords. Equal protection often necessitates an opportunity for the poor as well as the affluent to be heard. I disagree with the Court that the issue is not squarely presented in this case.[3] I would reverse this judgment.

---

[3] On review, the Connecticut court stated that a "sufficient bond with surety is essential to a valid appeal." But in the setting of the opinion, as I read it, that meant no more than a description of the normal manner of effecting an appeal. And the Connecticut court's insistence that the tenants did not lack "the economic power to make themselves heard in a court of law" refers to the fact that they were ably represented by attorneys for the New Haven Legal Assistance Association, Inc., a factor only emphasizing their indigency. Not a word in the opinions of the Connecticut courts suggests that the statutory bond requirement could not be waived.