MARTIN WOLF, TRUSTEE *v.* SAMUEL FULLER ET AL.

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE NO. CV 1-716-50280

Argued September 5—decided October 11, 1972

*Stephen P. Hershey,* of Norwalk, for the appellants (defendants).

*Richard R. Gerken,* of Norwalk, for the appellee (plaintiff).

O'BRIEN, J. This summary process action is before us for the third time. Originally this court vacated the dismissal by the trial court of the instant appeal by the defendants, holding that such action was beyond the jurisdiction of the trial court. We later stayed the ex parte issuance of an execution by the trial court and ordered that the judge who heard the case conduct a hearing on the plaintiff's motion for execution and that a finding be made thereafter to enable this court to review the propriety of the action taken.

This action to recover possession of the premises in question was based upon the alleged failure to

pay rent due to the date of the complaint in the amount of $710, representing approximately six months' rent. Since the date of the judgment (October 21, 1971), no rent has been paid by the tenants although they have offered to pay. They have failed to post the bond required by § 52-542, as amended by Public Acts 1971, No. 316. Apparently a separate action has been instituted by the landlord seeking the collection of the rent moneys from the defendant tenant.

The bond filed by the defendant husband in this action is an undertaking by him himself to "represent and guarantee payment for all rents that have accrued from the commencement of the action to the date of judgment and for all rents that may accrue during the pendency of this appeal, or which may be due at the time of its final disposal or the reasonable value for such use and occupancy that had so accrued or may accrue."

The defendants do not deny that they have failed to file the bond as required by Public Acts 1971, No. 316, but contend that such a requirement is an unconstitutional limitation on their right to a meaningful appeal. They cite *Lindsey* v. *Normet,* 405 U.S. 56, 77, for the proposition that the Connecticut bond requirement is unconstitutional. The Supreme Court of the United States, in holding the Oregon double bond provision unconstitutional, stated: "While a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession, the double-bond requirement here [Oregon] does not effectuate these purposes since it is unrelated to actual rent accrued or to specific damage sustained by the landlord."

"An appeal in this state is a statutory privilege accorded only if the conditions fixed by the statutes and rules of court for taking and prosecuting it are complied with." *Kennedy* v. *Walker,* 135 Conn. 262, 266. "Under its general authority to regulate appellate procedure the legislature has the power to require the giving of a bond or undertaking as a condition precedent to the right to appeal or sue out a writ of error, unless such power is clearly excluded by the constitution. Such statutes do not violate constitutional provision granting the right of appeal, as they do not restrict or deny the right, but merely regulate the manner of exercising it . . . ." 4A C.J.S. 208, Appeal and Error, § 502 (b).

It must be remembered that the original purpose of the summary process action was to enable landlords to recover possession of the premises after termination of the lease without the delay, loss and expense experienced under the common-law remedy of eviction. *Housing Authority* v. *Alprovis,* 19 Conn. Sup. 37, 39; *Dreifuss* v. *World Art Group, Inc.,* 6 Conn. Cir. Ct. 309, 312. A requirement that the tenant pay or provide for the payment of rent during the continuance of the action is hardly irrational or oppressive. *Lindsey* v. *Normet,* supra, 76.

The undertaking by the defendant husband alone and without surety appears to be of little value to the protection of the rights of the landlord, in view of the fact that it represents merely a continuation of the original leasing agreement upon the part of the tenant—an agreement which he had already broken, as evidenced by the failure to pay the rent for approximately six months prior to the institution of the summary process proceedings—and especially in view of the finding of the court that "[d]efendant husband had been out of work on and off from September of 1970 until the date of trial

and stated he stopped paying the rent because he wasn't getting much money from unemployment and 'if you don't have it you don't pay it.' "

The Appellate Division of the Circuit Court held in *West Haven Housing Authority* v. *Simmons,* 5 Conn. Cir. Ct. 282, 288, that the defendants there failed to substantiate their claim that the statute in question (§ 52-542) violated constitutional precepts. The Supreme Court of this state refused certification for review. *West Haven Housing Authority* v. *Simmons,* 156 Conn. 662. An appeal to the United States Supreme Court was dismissed. *Simmons* v. *West Haven Housing Authority,* 399 U.S. 510.

It is the further contention of the defendants that Public Acts 1971, No. 316, denies them the equal protection of the laws so far as it sets up two classes of prospective appellants. The act provides, in part, as follows: "When any appeal is taken by the defendant occupying an apartment in a tenement house as defined in chapter 352 in an action of summary process, he shall, within the period allowed for taking such appeal, give a bond with surety to the adverse party to guarantee payment for all rents that have accrued from the commencement of the action to the date of judgment and for all rents that may accrue during the pendency of such appeal, or which may be due at the time of its final disposal or, where no lease had existed, for the reasonable value for such use and occupancy that had so accrued or may so accrue; and in any other appeal the court on its own motion or on motion of the parties, may fix a sufficient bond with surety to the adverse party in such amount as it may determine. . . ."

The distinction between residents of a tenement house, defined simply as any building with three or more families by General Statutes § 19-342, and residents of any other building is, it is contended, clearly

unrelated to any proper state interest, and this section extends a serious financial obstacle to appeal by indigent tenants and an even more serious obstacle to those who reside in tenement houses.

The guarantee of equal protection is "aimed at undue favor and individual or class privilege, on the one hand, and at hostile discrimination or the oppression of inequality, on the other." *Truax* v. *Corrigan,* 257 U.S. 312, 332. Neither the federal nor the Connecticut constitution, however, prevents classification for the purpose of legislation. Classification is unconstitutional only when it is arbitrary, unreasonable and unjustified. *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 218. A statute does not deny equal protection of the laws merely because it extends to some persons privileges denied to others, or imposes restrictions or liabilities on some but not on others. *Silver* v. *Silver,* 108 Conn. 371, 378. The classification must have a fair and substantial relation to the object of the legislation. *F. S. Royster Guano Co.* v. *Virginia,* 253 U.S. 412, 415.

The defendants would have us separate summary process defendants according to financial resources and hold that those living in tenement houses are subjected by this legislation to greater burdens than those who live in nontenement housing. This we cannot do. The classification by the legislature applying to tenement housing (three or more apartments) deals with multiple tenement housing whether it exists in a slum dwelling, so called, or in the most lavish apartment dwelling. The requirement for the furnishing of a bond in cases covered by the "tenement house" section of the above-mentioned public act appears to be less onerous upon such a tenant and more restrictive upon the discretion of the court setting such a bond than in

the case of a tenant in any other summary process appeal. In the former classification the court may consider merely security for the rent during the pendency of the appeal, while in the latter it may take into account other factors such as possible damage to the real estate, waste, damages for illegal holding over, etc.

When a question of constitutionality is raised, the court must presume the validity of the legislation and sustain it unless it clearly violates constitutional principles. *State* v. *Gordon,* 143 Conn. 698, 703. The defendants have the burden of overcoming this presumption. *Franklin Furniture Co.* v. *Bridgeport,* 142 Conn. 510, 514.

Equal protection of the laws forbids all invidious discrimination but does not demand identical treatment for all persons without consideration of the difference in relevant circumstances. If the classification in legislation has a reasonable basis, it is not unconstitutional. *Karp* v. *Zoning Board,* 156 Conn. 287. Where a statute reasonably admits of two constructions, one valid and the other invalid on the ground of unconstitutionality, courts should adopt the construction which will uphold the statute even though that construction may not be the most obvious one. *Adams* v. *Rubinow,* 157 Conn. 150, 153. Courts will make every presumption and intendment in favor of the constitutionality of legislation and sustain it unless its invalidity is beyond reasonable doubt. *Troiano* v. *Zoning Commission,* 155 Conn. 265, 269.

The summary process eviction problems facing a single family or two-family dwellinghouse landlord necessarily differ in nature from those facing the multiple dwellinghouse owner. The personal relationship which must exist in the case of the former is generally absent in the case of the latter, which

is more of a purely investment situation. That the legislature has seen fit to distinguish between the two is obvious. Under the circumstances, this court cannot find the classification unreasonable. The contention of the defendants that they have been denied the equal protection of the laws must therefore fail.

In the light of the dismissal by the Supreme Court of the United States of the appeal in *Simmons* v. *West Haven Housing Authority,* 399 U.S. 510, we hold that the bond requirement of Public Acts 1971, No. 316, is not violative of the defendants' constitutional rights, nor, as set forth above, does it deny them the equal protection of the laws.

Therefore, where a bond with surety as required by the statute is a prerequisite of appellate review, the failure to provide such a bond furnishes a sufficient ground for dismissal of the appeal.

On the defendants' motion for review we find no error on the part of the trial court. The motion to dismiss the appeal is granted.

In this opinion MISSAL and HAMILL, Js., concurred.