THE HENRY KNOX SHERRILL CORPORATION *v.*
EDWARD RANDALL ET AL.

COURT OF COMMON PLEAS          GEOGRAPHICAL AREA NO. 6
                               FILE No. CV 6-7508-68098

Memorandum filed October 11, 1975

*Herbert G. Hyman,* for the plaintiff.

*Denise R. Johnson,* for the defendants.

JACOBS, J.   This is a summary process action in which the plaintiff seeks to recover possession of the premises occupied by the defendant on the ground of nonpayment of rent.   The defendant was served with a notice to quit on July 18, 1975, and this action was commenced by a writ issued on July 28, 1975.   The defendant entered a special appearance and filed a plea in abatement, which alleges that this court is without jurisdiction because the plaintiff did not constitutionally terminate the defendant's tenancy prior to commencing this action, as required by General Statutes § 52-532.   The defendant argues that because the plaintiff receives financial assistance from, and submits to regulation by, federal, state and local governments, it is subject to due process requirements which mandate administrative notice and hearing before termination of the defendant's tenancy.   Since that alleged jurisdictional defect does not appear on the face of the record, a plea in abatement is proper.   Practice Book § 93.

An initial question, therefore, is whether the plaintiff's seeking to evict the defendant is "state action" such that the strictures of the due process

clause of the fifth and fourteenth amendments of the federal constitution are applicable. Those constitutional restrictions apply where a state has "insinuated itself into a position of interdependence" with an otherwise "private project." *Burton* v. *Wilmington Parking Authority,* 365 U.S. 715, 725. In *McQueen* v. *Druker,* 438 F.2d 781 (1st Cir.), the court, considering a housing development similar to that under consideration here, said: "[W]hen a specific governmental function is carried out by heavily subsidized private firms or individuals whose freedom of decision-making has, by contract and the reserved governmental power of continuing oversight, been circumscribed substantially more than that generally accorded an independent contractor, the coloration of state action fairly attaches." Id., 784–85.

Here, the plaintiff has alleged, and the defendant has admitted, that the premises sought to be recovered are part of a low-income housing unit financed under section 221 (d) (3) of the National Housing Act, 12 U.S.C. § 1715*l* (d) (3). Under the terms of that act, the federal housing administration provides mortgage insurance which enables developers to secure lower interest rates. The secretary of the department of housing and urban development exercises broad supervisory control over the operation of those developments. 12 U.S.C. § 1715*l* (d) (3). Moreover, authority to regulate a rent subsidy program is delegated to local housing authorities, which are corporations established pursuant to state statutes. See General Statutes section 8-40. The plaintiff receives subsidies in the form of tax abatements. General Statutes §§ 8-215, 8-216; New Haven Code § 28-4 (1962).

Thus, there is a panoply of governmental assistance and regulation which is more than sufficient to find that the activities of the plaintiff are state

action for the purposes of applying the fifth and fourteenth amendments of the federal constitution. That finding is in accord with the decision of the majority of courts which have considered the question. See, e.g., *Lopez* v. *Henry Phipps Plaza South, Inc.,* 498 F.2d 937 (2d Cir.); *Joy* v. *Daniels,* 479 F.2d 1236 (4th Cir.); *McQueen* v. *Druker,* supra, and note, "Procedural Due Process in Government-Subsidized Housing," 86 Harv. L. Rev. 880, 893, 895–96.

The more difficult question in this case, to which there is no "short answer," is whether due process requires some form of administrative notice and hearing prior to the initiation of a summary process action. Cf. *Owens* v. *Housing Authority of Stamford,* 394 F. Sup. 1267, 1273 (D. Conn.). The seminal case in this area is, of course, *Goldberg* v. *Kelly,* 397 U.S. 254. The United States Supreme Court in *Goldberg* ruled that welfare recipients were protected by procedural due process against termination of their benefits without a prior hearing. Applying a balancing test, the court reasoned that the need of a destitute welfare recipient for continuing support while a dispute over eligibility was being resolved was greater than the government's interest in summary termination.

It is clear that similar considerations are applicable in this case. The goal of the National Housing Act is to provide "a decent home and a suitable living environment." 42 U.S.C. §§ 1441, 1441a. The very purpose of the housing program requires a recognition of an interest on the part of the tenants in continuing their tenancy. A tenant, once evicted, faces almost insurmountable difficulty in obtaining decent housing at an affordable rate. See *Caramico* v. *Secretary of the Department of Housing & Urban Development,* 509 F.2d 694 (2d Cir.). The deprivation, as in *Goldberg,* is a complete termina-

tion of a governmental benefit. Moreover, as the court stated in *McQueen* v. *Druker,* 317 F. Sup. 1122, 1128–31 (D. Mass.), aff'd on other grounds, 438 F.2d 781 (1st Cir.), arbitrary evictions could create an atmosphere of hostility and alienation which would not contribute to the stability and security which are part of the objective of such housing programs.

This court notes that administrative hearings have been ordered in many instances involving termination of a lease due to lapse of time or for no stated cause. See *Lopez* v. *Henry Phipps Plaza South, Inc.,* supra; *Caulder* v. *Durham Housing Authority,* 433 F.2d 998 (4th Cir.); and *Escalera* v. *New York City Housing Authority,* 425 F.2d 853 (2d Cir.), cert. denied, 400 U.S. 853. Also, after much litigation, regulations have been issued by the department of housing and urban development which require such hearings in public housing cases. U.S. Dep't of Housing & Urban Development, Grievance Procedure in Low Rent Public Housing Projects, HUD Circular RHM 7465.9 (Feb. 22, 1971). The significance of all those cases is that administrative proceedings were required because state summary process actions did not provide for consideration of issues collateral to the mere fact of termination. On the other hand, the court in *Joy* v. *Daniels,* supra, held that no separate administrative hearing was necessary because South Carolina eviction procedure required the landlord to allege "good cause," and prove his allegation in a full plenary proceeding, in which the defendant was entitled to trial by jury.

Connecticut is one of the jurisdictions which allows a tenancy to be terminated by notice which does not have to allege "good cause." General Statutes § 52-532. Whether an administrative hearing would be necessary in a case in which no good cause for termination was alleged, however, is not a question before this court. In an action based on non-

payment of rent, the landlord must allege that such rent is due and owing and that the tenancy has been terminated by appropriate notice. General Statutes § 47-23. Various defenses are available to the tenant; for example, that delay in paying rent is the fault of the landlord, *Paranto* v. *Ball,* 132 Conn. 568; that because of the summary nature of the action, the statute granting the remedy is strictly construed and all technical requirements must be fulfilled, *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598; waiver and novation, *Sun Oil Co.* v. *Keane,* 2 Conn. Cir. Ct. 524; illegality of the contract due to violations of the city housing code, *Todd* v. *May,* 6 Conn. Cir. Ct. 731; breach of warranty of habitability, ibid.; constructive eviction, both whole and partial, *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369; and that the action is retaliatory, General Statutes § 52-540a.

While it is clear from the foregoing that tenants have an opportunity in the courts of this state to defend against a summary process action involving nonpayment of rent, the court is of the opinion that the defendant's contentions are not without merit. As noted in *Owens* v. *Housing Authority of Stamford,* supra, there is no procedure by which the appeal bond required by General Statutes § 52-542 may be waived. *Todd* v. *LaMar,* 6 Conn. Cir. Ct. 528. Although this court does not now pass on the constitutionality of that statute; see *West Haven Housing Authority* v. *Simmons,* 5 Conn. Cir. Ct. 282, appeal dismissed, 399 U.S. 510, rehearing denied, 400 U.S. 856; that fact is particularly significant because the Supreme Court of this state has not ruled on the availability of federal constitutional defenses in a summary process action. Moreover, the nature of the summary process action renders it inappropriate for those considerations: its purpose is to enable a landlord to recover pos-

session without suffering delay, loss or expense; the process is designed to provide an expeditious remedy. *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287. The issues embraced by a summary process action are strictly limited to a "few simple ones within the express scope of the statutory provisions." *Webb* v. *Ambler,* 125 Conn. 543, 550–51.

This court cannot ignore the fact that tenants of public or quasi-public housing are, by definition, of a lower socioeconomic class than the general public. Clearly, the very nature of the action, the expense of obtaining counsel, and the probable unavailability of appellate review, make it quite likely that a substantial number of those tenants will not have a real opportunity to present their defense in a summary process action. *Escalera* v. *New York City Housing Authority,* 425 F.2d 853 (2d Cir.), cert. denied, 400 U.S. 853. Administrative hearings would provide tenants with a meaningful and inexpensive chance to air their grievances before their leasehold is jeopardized. Thus this court finds that due process requires a balance, in the form of a pretermination hearing, between the interests of a landlord in an expeditious eviction procedure and the interests of a tenant in continued residency in quasi-public, low-income housing. *Goldberg* v. *Kelly,* 397 U.S. 254; *McQueen* v. *Druker,* 438 F.2d 781 (1st Cir.); *Escalera* v. *New York City Housing Authority,* supra; and *Owens* v. *Housing Authority of Stamford,* 394 F. Sup. 1267 (D. Conn.).

This court realizes, however, that to require a formal hearing of the type envisioned by the courts in *Escalera* v. *New York City Housing Authority,* supra, or *Caulder* v. *Durham Housing Authority,* 433 F.2d 998 (4th Cir.), would be a greater imposition on the type of quasi-public landlord involved here than on a city housing authority which has preestablished bureaucratic facilities. This court,

therefore, holds only that the defendant must be afforded an opportunity to explain or refute the allegations of nonpayment which are being made, at an informal meeting of which the tenant is notified in advance and at which he may be represented by counsel and may present evidence and question any witnesses. *Bonner* v. *Park Lake Housing Development Fund Corporation,* 70 Misc. 2d 325, 331, 333 N.Y.S.2d 277. Those meetings should be conducted expeditiously and in a nonintimidating atmosphere in which both parties seek to establish an amicable arrangement which will protect the rights of both parties, and, perhaps, make any future summary process action unnecessary. The court is of the opinion that the requirements of due process cannot be satisfied otherwise, and that both governmental and individual interests will be furthered by such a procedure. A quasi-public landlord, accepting the substantial benefits conferred on it by various branches of our government, is not a private individual, and its tenants are entitled to a greater degree of protection. U.S. Const., amend. V, XIV.

For all of the above reasons, the plea in abatement is sustained, and judgment thereon may be rendered for the defendants, dismissing the writ and complaint, with taxable costs.