HYACINTH BROWNE *v.* ETHEL PETERS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 193

Argued November 18, 1975—decided February 27, 1976

*Roslyn Z. P. Montlick,* for the appellee (plaintiff).

*Bruce A. Morrison,* for the appellant (defendant).

DAVID M. SHEA, J.  This appeal was taken from a judgment in a summary process action awarding the plaintiff landlord possession of the premises. The defendant filed with her appeal a bond with surety which guaranteed payment for "all rents or for the reasonable value of use and occupancy of the premises that may accrue during pendency of the appeal." Another appeal bond with an allegedly more financially responsible surety was filed on the date on which the plaintiff filed her motion to dismiss the appeal.

The only ground of that motion to dismiss which we need consider is the failure of either appeal bond to "guarantee payment for all rents that have accrued from the commencement of the action to the date of judgment," as well as "for all rents that may accrue during the pendency of such appeal," as required by General Statutes § 52-542.  The defendant concedes in her brief that neither of the bonds guarantees payment of rents accrued from commencement of suit to the date of judgment as provided by that statute. She claims, however, that the application of that statutory provision to her as an indigent person deprives her of equal protec-

tion of the laws and of due process of law in violation of the fourteenth amendment of the constitution of the United States.

The requirement that an appeal bond filed by a tenant in a summary process action guarantee rents accruing prior to the judgment was not imposed until 1971.[1] The earlier requirement that such a bond guarantee payment of the rents accruing during the appeal has previously been upheld against constitutional attack. *West Haven Housing Authority* v. *Simmons,* 5 Conn. Cir. Ct. 282. The constitutionality of the amended statute was also considered and upheld in *Wolf* v. *Fuller,* 30 Conn. Sup. 527, but no point was made of the prejudgment rental guarantee, the issue being whether the requirement of a surety on the bond was valid.

The defendant relies on *Lindsey* v. *Normet,* 405 U.S. 56, in which the court declared unconstitutional an Oregon statute requiring a tenant seeking to appeal a judgment of eviction to post a bond as security for the payment of twice the rental value of the premises accruing from commencement of the action until final judgment. The landlord, in the event that he prevailed on the appeal, was automatically entitled to twice the rents accruing during the appeal without proof of actual damage in that amount. In addition, the tenant was also required to file the bond demanded of other litigants in civil cases who sought a stay of execution during an appeal. That bond must provide that the appellant will satisfy the judgment if he loses the appeal or, if the judgment is for real property, that he will commit no waste during the pendency of the appeal and, if he loses the appeal, that he will pay for use of the property during that time. The imposition of that double bond requirement on the right of a tenant to appeal, which went beyond any compen-

---

[1] Public Acts 1971, No. 316.

satory purpose and constituted a penalty, was held to be unrelated to any valid state objective and to discriminate arbitrarily against tenants. Id., 78.

The *Lindsey* case recognizes, however, that "a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession . . . ." Id., 77. We conclude that the requirement of § 52-542 that the tenant guarantee payment of the rent from the commencement of the action until the conclusion of the appeal falls within those legitimate objectives. No penalty, as in the case of the Oregon double bond requirement, is involved. The purpose of our statute is wholly compensatory.

The defendant claims that no bond of the kind required of a tenant for a stay of execution on appeal by § 52-542 is demanded of appellants in other civil cases. In other civil cases, although a stay of execution is automatic on filing an appeal, the stay may be terminated at any time by the trial judge if he is of the opinion that "the appeal is taken only for delay or that the due administration of justice requires him to do so . . . ." Practice Book § 661. Under § 52-542, however, once the necessary bond is posted a stay can be terminated only when "it appears to the judge who tried the case that the appeal was taken solely for the purpose of delay." Apparently the legislature concluded that the broad discretion inherent in applying the "due administration of justice" standard should be eliminated in a summary process case where a tenant takes an appeal, so long as the landlord's economic interest was adequately protected. Under the "due administration of justice" standard it would seem that a judge might well impose, as a condition for continuing a stay in a summary

process case, the same requirement, which the statute provides, of a bond to secure the landlord for the rent accruing during litigation. The legislature might fairly have concluded that the substitution of that definite requirement of a bond for the discretionary "due administration of justice" criterion would achieve uniformity in the granting of stays to tenants.

"There are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to other litigants." *Lindsey* v. *Normet,* 405 U.S. 56, 72. The tenant, by definition, is in possession of property of the landlord and is able to deny him the income incident to ownership by refusing to pay rent while expenses of the landlord continue. The failure to pay the rent accruing during the pendency of the action raises a ground for bringing another summary process action. It would not seem that such an action could be instituted where the landlord has the assurance of payment which the statutory appeal bond provides. Furthermore, where such a bond has been filed there would be little reason for the landlord to institute any action to collect the debt during the pendency of the appeal since he would have adequate security for payment on conclusion of the appeal. The avoidance of unnecessary litigation is an objective the propriety of which is beyond question and the legislature might reasonably have concluded that the provisions of § 52-542 would accomplish that purpose.

The requirement that a guarantee of the rents accruing from commencement of suit be included in an appeal bond closely resembles the Oregon continuance bond provision, which was upheld in *Lindsey* v. *Normet,* supra, 63–69. Under the Oregon procedure, service of the complaint on a tenant who

has failed to vacate after the date specified in the notice to quit possession must be made not less than two nor more than four days before the trial date. A tenant may obtain a continuance of two days, but the grant of a longer continuance is conditioned on posting security for any rent that may accrue during the period of the continuance. No constitutional barrier was perceived to the requirement that the tenant provide for accruing rent pending judicial settlement of his disputes with the landlord. Id., 67. We can discern no distinction which would require a different result with respect to the less onerous requirement of § 52-542, which becomes applicable only in the event of an appeal.

The defendant claims further that because of her indigency the bond required by § 52-542 imposes a special burden on her, barring her appeal absolutely, and that she will, consequently, be deprived of equal protection of the laws. Indigency alone has not been regarded as a "suspect" classification that would trigger application of the strict scrutiny test, which requires that a compelling state interest be demonstrated in order to justify the restriction on the particular group involved. *San Antonio Independent School District* v. *Rodriguez*, 411 U.S. 1, 29. "No suspect classification, such as race, nationality, or alienage, is present." *Ortwein* v. *Schwab*, 410 U.S. 656, 660. It is only where indigency results in deprivation of a fundamental right that the equal protection clause may be violated. *United States* v. *Kras*, 409 U.S. 434, 446. "But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality, or any recognition of the right of a tenant to occupy the real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary

to the terms of the relevant agreement." *Lindsey* v. *Normet,* supra, 74. The applicable standard by which § 52-542 is to be tested is that of rational justification, which it clearly meets. *Ortwein* v. *Schwab,* supra, 660; *United States* v. *Kras,* supra, 446.

Finally, the defendant claims that the bond requirement deprives her of due process by creating an insurmountable barrier to her statutory right of appeal. It has long been recognized that "even in criminal cases, due process does not require a State to provide an appellate system." *Ortwein* v. *Schwab,* supra, 660. "Under its general authority to regulate appellate procedure the legislature has the power to require the giving of a bond or undertaking as a condition precedent to the right of appeal. . . ." 4A C.J.S., Appeal and Error, § 502 (b). See *Wolf* v. *Fuller,* 30 Conn. Sup. 527. The defendant has had an initial opportunity to be heard at the summary process proceedings. The defendant has not been deprived of due process.

The defendant's reliance on *Boddie* v. *Connecticut,* 401 U.S. 371, in support of her due process argument is misplaced. In that case the denial of access to the judicial forum touched directly on the marital relationship, an interest recognized as "fundamental" under the constitution. The interest of the defendant in retaining possession of her apartment does not rise to the same constitutional level. *Lindsey* v. *Normet,* 405 U.S. 56, 74. Furthermore, the judicial remedy is not the exclusive method of affording relief to the plaintiff as it was in the *Boddie* case. The fact that a debtor might be able to pacify his creditors by negotiating a settlement of his debts was held to render the *Boddie* principle inapplicable to an indigent seeking a discharge in bankruptcy. *United States* v. *Kras,* supra,

443. A tenant not only may adjust his differences with his landlord but also has available the more realistic alternative of seeking a new apartment.

In *Ortwein* v. *Schwab,* supra, the inability of an indigent welfare recipient to pay the filing fee necessary to obtain judicial review of an administrative decision reducing his monthly stipend was held not to involve a denial of due process. The claim of a denial of due process by this defendant is equally unfounded.

The motion to dismiss the appeal is granted.

In this opinion SPEZIALE and SPONZO, Js., concurred.